**THE PEOPLE, Plaintiff**

v.

**JOHN C. THOMPSON, Defendant**

## Police Court of the Virgin Islands

Christiansted Sub-Judicial District
St. Croix

## August 5, 1931

JACKSON, *Police Judge*

This case is brought by H. B. Nelthropp, owner of Estate "Boetzberg" in East End Quarter, on a sworn com-

plaint filed according to sec. 2, chap. 34, Title 5 (V█, p. 395 of the Code (1921). The complaint is as follows:

"John C. Thompson is accused by B. Nelthropp by this Complaint, of the crime of Petty Larceny committed as follows:

"The said John C. Thompson on the 1st day of August A.D. 1931, in the sub-judicial district of Christiansted did unlawfully cut, take, steal and carry away Three (3) bundles of Grass, from the road side of Estate Boetzberg the property of B. Nelthropp, vio [violating] Sec 21 Chapter 10 Title 4 of the Code of Law [14 V.I.C. § 1081(a)]."

"Larceny is the unlawful taking, stealing, carrying, leading, or driving away the personal property of another."

The first element to be inquired into is the ownership of the thing (three bundles grass) alleged to have been stolen.

The complaining witness or private prosecutor (H. B. Nelthropp) took the stand and qualified. He testified that on the first day of August, 1931, he was driving along the public road and came upon the defendant (Thompson) cutting grass alongside the road, and accosted him asking whose permission he had to cut the grass. Defendant did not give a satisfactory reply and he thereupon reported the matter to the police. Inspector Ebbesen made an investigation and found the facts as stated by the complaining witness to be true and which is not denied by the defendant.

█ The complaining witness was asked by the Court to establish his ownership of the grass, and he cited as his claim to ownership an "Ordinance concerning Public Roads in St. Croix," passed by the Colonial Council of St. Croix, Dec. 18, 1922, and later confirmed in certain details on June 27, 1923, and finally approved July 14,

1923. The part of this Ordinance relied on by the complaining witness is sec. 29, which reads as follows:

"Upon conference with the Colonial Council, the Superior Authority shall issue regulations containing provisions for the Road Police and for the maintenance of public peace, and security of and on the road, including the preservation of the trees growing along the roads, which trees must not be felled in a space six feet from the trenches. Fruit of trees along the public roads belong to the owners of the adjoining properties."

This is practically a restatement of the Ordinance of June 9, 1884.

Nowhere else in the Ordinance does it appear that owners of estates adjoining the public roads have vested property rights in anything else but the *"fruit of trees"* along such roads. It is clear, then, that there is, according to this Ordinance, no vested right of ownership in the *grass* growing alongside the public highways; and nowhere therein does the word "grass" appear.

Upon a further examination of all the ordinances and regulations concerning public roads in St. Croix, we find that the "regulations" referred to in sec. 29 of the Ordinance approved July 14, 1923, were never formulated, but the regulations provided for in the old ordinance (Ordinance of June 9, 1884) were adopted and confirmed and stand as a part of the new Ordinance approved July 14, 1923. Section 10 of these regulations mentions the word "grass" in the following connection:

"The ditches must be kept clean and free from everything that may check the flow of water; the grass which grows on the bottom and sides should therefore be frequently cut. Cattle must not be allowed to graze in or on the sides of the ditches, so that the sides may not be broken down."

As regards the grass which grows on the bottom and sides of the ditches (gutter) there is, according to the foregoing section, a clear obligation on the part of roadholders to frequently cut it, to allow a free flow of the

445

water. There is no intimation of a right of ownership in and to this grass being vested in the owners of the adjoining estates. Nor can legislative intent be read into the section to confer such ownership. If it was the intent of the Council to vest ownership of the grass growing along the highways in the owners of estates adjoining the public roads, it would have been as clearly stated as in the case of the fruits of the *trees* growing along the roadside.

The complaining witness testified further that he would not consider that the defendant was trespassing as he had a right on the public highway, but contended that he had no right to cut grass growing thereon. This does not establish ownership, either general or special, but it rather indicates that there *is* a doubt, even in the mind of the complaining witness himself, as to the ownership of the grass growing on the highways.

■ On this point, even though this whole case under inquiry involves mere elementary principles of law, it might be well to cite from Reg. v. Smith, 2 Denison, Cr. Cas. 449, a well recognized case on the subject where it is said: "As the crime (larceny) always implies a trespass, a person cannot be held guilty except under such circumstances as would render him liable to damages in an action for trespass to goods."

Reverting to the original point at issue, the prosecuting witness fails to establish ownership, either general or special, and the Court is constrained to hold that this is fatal in a prosecution for larceny, and the Court so holds in the present case. It is therefore that the complaint is dismissed and the defendant discharged. And it is so ordered.