GOVERNMENT OF THE VIRGIN ISLANDS

v.

RAY WILLIAMS, Appellant in No. 17819

IVAN WILLIAMS, JR., Appellant in No. 17820

CLINTON SIMMONDS, Appellant in No. 17821

RANDALL BARBEL, Appellant in No. 17822

LUIS E. PEREZ, Appellant in No. 17823

Nos. 17819 through 17823

United States Court of Appeals

Third Circuit

Argued January 29, 1970

Decided April 1, 1970

RUSSELL B. JOHNSON, ESQ., Christiansted, St. Croix, Virgin Islands, *for appellants*

WILLIAM H. BROWN, ESQ., Asst. Attorney General, Christiansted, St. Croix, Virgin Islands, *for appellee*

Before HASTIE, *Chief Judge,* and GANEY and STAHL,* *Circuit Judges*

## OPINION OF THE COURT

HASTIE, *Chief Judge*

This case presents the question whether larceny as defined by the Virgin Islands Code can be committed without an intent to deprive the owner permanently of his property.

The five juvenile appellants have been convicted of petit larceny under 14 V.I.C. §§ 1081, 1084. It was stipulated at the beginning of the hearing that the defendants had taken five horses from a pasture in St. Croix, ridden them to another part of the island several miles away, returned them to the general area from which they had been taken and released them. One horse subsequently died of injuries sustained during this unauthorized excursion.

At the close of the prosecution's case and again after all the evidence had been presented, the defendants moved to dismiss the complaint on the basis that there

---

* Judge Stahl participated in the hearing and consideration of this appeal but died before decision.

was no proof of an intent to deprive the owners of the horses permanently. The court denied the motion ruling that the Virgin Islands Code does not require proof of such an intent to establish larceny.[1]

■ ■ Section 1081 of Title 14, Virgin Islands Code, defines larceny as ". . . the unlawful taking, stealing, carrying, leading, or driving away the personal property of another." This definition contains no mention of any requisite intent. In these circumstances, the process of interpretation begins with the consideration that the specific intent to deprive the owner permanently of his property is an essential element of the crime of larceny at common law. Absent a clear indication of legislative purpose, we are reluctant to assume that the omission of any mention of intent in the statute which makes "larceny" a crime was intended to eliminate that important and long-accepted element from the crime. Cf. Government of the Virgin Islands v. Carmona, 3d Cir. Jan. 22, 1970, No. 17600, 7 V.I. 441; United States v. Nedley, 3d Cir. 1958, 255 F.2d 350. See also, Morissette v. United States, 1952, 342 U.S. 246, 263. The only reported case dealing with the language of Section 1081 assumed the applicability of common law principles in its interpretation. In People v. Thompson, 1931, 1 V.I. 443, 446, the court recognized, in dictum at least, that the common law element of trespass, also not specifically mentioned in the statutory definition of larceny, was a requisite element of the crime.

■ In the tradition of Anglo-American law the crime of larceny is a major felony and as such is not intended to cover the less serious wrong of temporary appropriation of another's property. In the Virgin Islands larceny is

---

[1] The government's original complaint did contain the allegation that the horses were taken "with the intent to deprive the owner of the same". However, at the close of the evidence the court amended the complaint to strike the allegation of intent to deprive the owners of the property and found all five defendants guilty of larceny under the charge as amended.

deemed such a serious crime that, if the value of the stolen property exceeds $100, the wrongdoer is subject to imprisonment for up to ten years. 14 V.I.C. § 1083. In these circumstances, as had been said at common law, a "momentary loss of possession is not what has been guarded against with such severe penalties. What the law means to prevent is the loss of it wholly and forever . . . ." Holmes, The Common Law, 71 (1881).

At least one situation of temporary appropriation of property is treated separately by the Virgin Islands Code, and less severe penalties are provided. The unauthorized use of a motor vehicle, however valuable, or bicycle with no intent permanently to deprive the owner of possession is a lesser crime, distinct from larceny. 14 V.I.C. § 1381. One convicted under that section " . . . shall be fined not more than $500 or imprisoned not more than 1 year, or both." We are unable to believe that the Territorial Legislature intended that the "joyrider" who wrongfully takes even a valuable horse from its pasture for an unauthorized ride should be punishable ten times more severely than one who similarly appropriates an automobile.

If the legislature of the Virgin Islands determines, as it has for motor vehicles and bicycles, that the unauthorized temporary taking of horses is a sufficiently serious wrong, it may properly make such misappropriation criminal.[2] But it has not yet done so.

The judgment will be reversed.

---

[2] It is interesting to note that the framers of the Model Penal Code considered this very problem and determined that the temporary appropriation of draught and riding animals was not sufficiently serious to constitute a crime. Model Penal Code, § 223.9, status note (Proposed Off. Draft. 1962). Of course others may not share that view.