**GOVERNMENT OF VIRGIN ISLANDS, Plaintiff**

**v.**

**NORMAN JAMES,**
**Defendant**

Crim. No. 1990-0051

District Court of the Virgin Islands

Div. of St. Croix

June 5, 1996

340

MICHAEL A. JOSEPH, ESQ., Christiansted, St. Croix, U.S.V.I., *for Defendant*

RICHARD PRENDERGAST, AUSA, U.S. Attorney's Office, Christiansted, St. Croix, U.S.V.I., *for Plaintiff*

Finch, *Judge*

## OPINION OF THE COURT

This matter comes before the Court on the government's motion to revoke defendant's probation. For reasons discussed below, the Court will deny the motion.

### Facts and Prior Proceedings

In January 1991, defendant Norman James pled guilty to rape in the second degree, in violation of V.I. Code Ann. tit. 14, § 1702. This Court sentenced defendant to two months incarceration and three years probation. While on probation, in April 1993, defendant pled guilty in a Florida court to the crime of robbery with a weapon, in violation of Florida's Title XLVI, § 812.13(2)(b). For this conviction defendant received five years incarceration.

In January 1994, defendant's probation officer filed a petition to revoke defendant's probation. The officer noted that defendant had been convicted of a crime of violence while on probation, requiring mandatory revocation under V.I. Code Ann. tit. 5, § 3711(b), which provides:

> [i]n the event a defendant placed on probation after conviction of any offense under the laws of the Virgin Islands is convicted of a crime of violence, as defined in Title 23, section 451(e) of the code, the court shall forth-

with revoke such probation, rescind the order suspending execution of the underlying sentence and direct the incarceration of the defendant for the full term of said sentence without credit for time spent on probation.

In late 1995, following defendant's release from prison, Florida authorities returned defendant to the Virgin Islands to answer the motion to revoke. The Court held a hearing on this matter on March 14, 1996.

## Discussion

### A. Due Process

Defendant challenges the revocation of his probation on two grounds. First, defendant suggests that the government violated his due process rights by failing to timely institute probation revocation proceedings. To be consistent with due process, defendant argues, the government was required to have held probation revocation proceedings within a reasonable time after defendant's Florida indictment. With this assertion the Court must disagree.

The Supreme Court has held that the requirements of due process apply to the revocation of both parole, *Morrissey v. Brewer*, 408 U.S. 471 (1972), and probation, *Gagnon v. Scarpelli*, 411 U.S. 778 (1973). As the Court explained in *Morrissey*,

> the liberty of a parolee, although indeterminate, includes many of the core values of unqualified liberty and its termination inflicts a "grievous loss" on the parolee and others. . . . By whatever name, the liberty is valuable and must be seen as within the protection of the Fourteenth Amendment. Its termination calls for some orderly process, however informal.

*Morrissey*, 408 U.S. at 482; *see also Gagnon*, 411 U.S. at 782 (finding the revocation of probation to be constitutionally indistinguishable from the revocation of parole). Where probation or parole are to be revoked, due process requires a reasonably prompt inquiry into the grounds of such revocation. *Gagnon*, 411 U.S. at 782; *Morrissey*, 408 U.S. at 485.

■ In cases such as this, however, the promptness of the inquiry is judged not from the time of the second conviction, but rather

from the time that the probationer is taken into custody under the warrant for his probation violation. *See Moody v. Daggett*, 429 U.S. 78 (1976). In *Moody*, the Supreme Court held that a parolee who had been convicted and incarcerated for one crime while on parole for another was not constitutionally entitled to a prompt parole revocation hearing for a parole violation warrant which has been issued but not executed. In reaching this conclusion, the Court explained that "in holding that 'the revocation hearing must be tendered within a reasonable time after the parolee is taken into custody,' *Morrissey*, 408 U.S. at 488, we established execution of the warrant and custody under that warrant as the operative event triggering any loss of liberty attendant upon parole revocation." *Moody*, 429 U.S. at 87. In other words, "the loss of liberty as a parole violator does not occur until the parolee is taken into custody under the warrant." *Id.*

■ Defendant here has suffered no loss of liberty under the warrant for his probation violation. Defendant was confined as a result of his conviction in Florida for armed robbery. Thus the "operative event triggering any loss of liberty attendant upon [probation] revocation" never occurred, *Moody*, 429 U.S. at 87, and there was no violation of due process.

### B. 5 V.I.C. § 3711(b)

■ The Court cannot so easily dismiss defendant's second contention. Defendant challenges the revocation of his probation on the ground that his Florida conviction was not a conviction for a "crime of violence" within the meaning of section 3711(b).

To briefly restate, section 3711(b) authorizes probation revocation where "a defendant [while] on probation after conviction of any offense under the laws of the Virgin Islands is convicted of a crime of violence, as defined in Title 23, section 451(e) of the code." In turn, Title 23, section 451(e) provides:

> "Crime of violence" means the crime of, or the attempt to commit, murder in any degree, voluntary manslaughter, rape, arson, mayhem, kidnapping, assault in the first degree, assault in the second degree, assault in the third degree, robbery, burglary, unlawful entry or larceny.

343

Defendant now argues that robbery with a weapon under Florida's Title XLVI, § 812.13(2)(b) is not a "crime of violence" for purposes of revocation of probation under section 3711(b). More particularly, defendant appears to contend that in order for a conviction to fall within the meaning of section 3711(b)'s "crime of violence," such conviction must be under Virgin Islands law.

Defendant's contention that his conviction must be under Virgin Islands law is not particularly compelling. To support his argument, defendant relies primarily upon the Revision Notes to section 3711, which provide:

> this chapter adopts provisions similar to those of 18 U.S.C. §§ 3651 and 3653. Since those sections apply to offenses against the United States *this chapter is limited to offenses against the Virgin Islands.*

(emphasis added). The relevance of this Revision Note to section 3711(b) is questionable, however. The above-quoted language followed the 1959 version of section 3711 — a version that contained no discussion of the revocation of probation following a conviction for a crime of violence.[1] In 1972, the local legislature amended section 3711 to include subsection (b), providing for revocation in such circumstances. The amended version contains no similar limiting addendum. Because the Revision Note upon which defendant relies is only remotely linked to the section at issue here, the Court is not persuaded that the limitation contained in such Note governs.

Further arguing against defendant's position is the fact that the statutory scheme does not expressly require that the latter conviction for a crime of violence be under the laws of the Virgin Islands. As noted, section 3711(b) provides that:

---

[1] The original section 3711 dealt primarily with the availability of probation as an alternative to incarceration. Although the section provided that "[t]he court may revoke or modify any condition of probation, or may change the period of probation," it said nothing about revocation in light of subsequent convictions.

Similarly, 18 U.S.C. §§ 3651 and 3653, cited in the Revision Notes, do not address the revocation of probation following the commission of a crime of violence. Rather, sections 3651 and 3653 discuss the court's authority to grant probation, and the duties and responsibilities of the probation officer once a defendant has been placed on probation.

[i]n the event a defendant placed on probation after conviction of any offense *under the laws of the Virgin Islands* is convicted of a crime of violence, as defined in Title 23, section 451(e) of the code, the court shall forthwith revoke such probation.

(emphasis added). Although expressly mandating that the *initial conviction* be under the laws of the Virgin Islands, section 3711(b) does not similarly qualify the subsequent conviction for a crime of violence. Nor does section 451(e) limit itself to convictions under Virgin Islands law.

■ That said, it does not appear that Virgin Islands law is wholly irrelevant to the definition of "crime of violence." Section 451(e), although not expressly limited to convictions under local law, enumerates crimes according to the Virgin Islands classification scheme, referring to such crimes by the names given them under Virgin Islands law (for example, listing assaults in the first, second, and third degrees). To define such crimes, the Court must, at the least, refer to Virgin Islands law. The Court is thus persuaded that although the conviction itself need not be under the laws of the Virgin Islands, the crime for which the defendant was convicted must contain the elements of that crime as defined under Virgin Islands law.

■ Having so concluded, the Court is left to determine whether the elements of robbery with a weapon under Florida law meet the Virgin Islands' definition of robbery. This determination necessitates a comparison of the relevant statutory provisions. Robbery is defined under Virgin Islands law as "the unlawful taking of personal property in the possession of another, from his person or immediate presence and against his will, by means of force or fear." V.I. Code Ann. tit. 14, § 1861. In addition to these elements, a conviction for robbery can only be had where there is proof of a specific intent to deprive permanently a rightful owner of his property. *See Government of the Virgin Islands v. Carmona*, 422 F.2d 95, 98-99 (3d Cir. 1970). Although analogous in all other respects, Florida law contains no requirement of permanent deprivation, allowing a robbery conviction for one who merely intends temporarily to deprive the owner of his property. *See Daniels v. State*, 587

345

So.2d 460, 462 (Fla. 1991) ("[T]he specific intent to commit robbery is the intent to steal, i.e., to deprive an owner of property either permanently or temporarily."). The offense of robbery under Virgin Islands law thus requires a mens rea that is not necessarily an element of robbery under Florida law. Because the crimes contain unique statutory elements, a Florida conviction for robbery cannot automatically be treated as a conviction for a crime of violence within the meaning of section 3711(b).[2]

Perhaps recognizing this, the government also suggests that robbery with a weapon contains the elements of the Virgin Islands offenses of assault in the first and third degrees. Assault in the first degree is defined under Virgin Islands law in part as the assault of another with intent to commit robbery or larceny. V.I. Code Ann. tit. 14, § 295(3). In turn, assault itself is defined as (1) the attempt to commit a battery; or (2) the making of a threatening gesture showing in itself an immediate intention coupled with an ability to commit a battery. V.I. Code Ann. tit. 14, § 291. Although the offense of assault with intent to commit robbery is traditionally viewed as a lesser included offense of the crime of robbery, *see Rabess v. Government of the Virgin Islands,* 868 F. Supp. 777, 781 (App. Div. 1994), in the instant case the elements of the two offenses are not identical. As noted, intent to commit robbery/larceny under Virgin Islands law requires an intent to permanently deprive the victim of his property. This intent is not an element of Florida's robbery with a weapon. Accordingly, the elements of assault in the first degree are not contained within Florida's offense of robbery with a weapon, despite the government's arguments to the contrary.

The Court reaches a similar conclusion with respect to the crime of assault in the third degree. Assault in the third degree is defined under Virgin Islands law in relevant part as the assault of another with a deadly weapon. V.I. Code Ann. tit. 14, § 297(2). Again, however, there is an element necessary for assault in the third degree that is not required in the offense of robbery with a weapon. Under Florida's statute, robbery with a weapon does not require

---

[2]Larceny under Virgin Islands law can be similarly distinguished from Florida's crime of robbery with a weapon. *SeeGovernment of the Virgin Islands v. Williams,* 424 F.2d 526, 527 (3d Cir. 1970) (holding that the specific intent to deprive the owner permanently of his property is an essential element of the crime of larceny).

346

that the defendant carry a *deadly* weapon, *see Butler v. State*, 602 So.2d 1303 (Fla. App. 1992); in contrast, third degree assault clearly requires that a deadly weapon be involved.[3] Therefore one who is guilty of robbery with a weapon need not necessarily be guilty of assault in the third degree.

■ ■ The government urges the Court to look to the facts underlying defendant's conviction in determining whether the crime itself is a crime of violence. As the government explains, "since the defendant's *conduct*, that of pointing a gun at a pet store employee and robbing the store of approximately $30, had it been committed in the Virgin Islands, clearly would have been . . . assault in the first degree . . . and assault in the third degree . . . his Florida conviction constitutes a crime of violence for probation revocation purposes under 5 V.I.C. § 3711(b)." Pl.'s mem. at 7. The government is correct; if the Court considers the facts alleged, it appears that defendant's acts would constitute a crime of violence.[4] That said, the language of section 3711(b) seems to counsel against such an approach. The statute expressly requires that the defendant be *convicted* of a crime of violence, not simply that defendant's acts may be *characterized* as constituting a crime of violence. *Cf. Taylor v. United States*, 495 U.S. 575, 600-602 (1990) (adopting this categorical approach for a similar definitional inquiry under the Armed Career Criminal Act, 18 U.S.C. § 924(e), in part because "[s]ection 924(e) refers 'to a person who . . . has three previous convictions' for — not a person who has committed — three previous violent felonies or drug offenses"). By requiring a conviction for a crime of violence, and not the mere commission of such crime, the enacting legislature has precluded the Court from looking beyond the elements of the offense.

■ Further, the Court is concerned with the "practical difficulties and potential unfairness" of a fact-specific approach. *Taylor,*

---

[3] Assault in the third degree also includes assault with the intent to commit a felony. *See* 14 V.I.C. § 297(1). Because the mens rea for robbery/larceny differs between Virgin Islands and Florida laws, however, it is unclear that such intent was present.

[4] For example, by using a gun to rob the store, defendant has satisfied the elements of assault in the third degree — making a threatening gesture, with a deadly weapon, showing in itself an immediate intention coupled with ability to commit a battery.

495 U.S. at 602. Such an approach would require the trial court to determine the actual conduct of the defendant — rehearing the evidence and, in some sense, retrying the defendant. The Supreme Court, when rejecting a fact-based inquiry in determining whether a crime constituted burglary for purposes of sentence enhancement under 924(e), enumerated the potential dangers of such inquiry quite cogently:

> In some cases, the indictment or other charging paper might reveal the theory or theories of the case presented to the jury. In other cases, however, only the Government's actual proof at trial would indicate whether the defendant's conduct constituted generic burglary. Would the Government be permitted to introduce the trial transcript before the sentencing court, or if no transcript is available, present the testimony of witnesses? Could the defense present witnesses of its own and argue that the jury might have returned a guilty verdict on some theory that did not require a finding that the defendant committed generic burglary? If the sentencing court were to conclude, from its own review of the record, that the defendant actually committed a generic burglary, could the defendant challenge this conclusion as abridging his right to a jury trial? Also, in cases where the defendant pleaded guilty, there often is no record of the underlying facts. Even if the Government were able to prove those facts, if a guilty plea to a lesser, nonburglary offense was the result of a plea bargain, it would seem unfair to impose a sentence enhancement as if the defendant had pleaded guilty to burglary.

*Id.* at 601-02. These same concerns apply to the instant case, persuading the Court to consider only the elements of the offense of conviction.

This categorical approach does not bar the Court from looking beyond the statutory elements of the offense in all circumstances, however. For example, had the jury been instructed to find, as one of the elements of defendant's offense, that he used a firearm, the court could quite easily conclude that defendant had indeed been

348

"convicted" of assault in the third degree under Virgin Islands law. Where the jury was actually required to find all of the elements of a "crime of violence" as defined under Virgin Islands law, albeit toward the end of convicting defendant for a completely separate offense, the court is free to go beyond the mere fact of conviction. Such is not the case here.

The Court declines to revoke defendant's probation under V.I. Code § 3711(b). The government's motion is denied. An appropriate order is attached.

## O R D E R

This matter comes before the Court on the government's motion to revoke defendant's probation pursuant to V.I. Code Ann. tit. 5, § 3711(b). Having carefully considered its premises, it is hereby

ORDERED that the government's motion is DENIED.