

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-12-2006

# Govt of VI v. Solis

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1039

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Govt of VI v. Solis" (2006). *2006 Decisions*. Paper 106.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/106

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 06-1039

———————

GOVERNMENT OF THE VIRGIN ISLANDS

v.

ROBERT SOLIS,
                            Appellant

———————

APPEAL FROM THE DISTRICT COURT
FOR THE VIRGIN ISLANDS
D.C. Crim. No. 93-cr-00164-1
District Judge: The Honorable Curtis V. Gomez

———————

Submitted Under Third Circuit LAR 34.1(a)
December 5, 2006

———————

Before: McKEE, BARRY and STAPLETON, Circuit Judges

———————

(Opinion Filed: December 12, 2006)

———————

OPINION

———————

BARRY, Circuit Judge

        Appellant, Robert Solis, appeals from an order of the District Court revoking his

probation and imposing a five-year sentence of incarceration.  Because we agree with the

District Court that it had jurisdiction over this matter and that Solis had committed a crime of violence as defined by the laws of the Virgin Islands, we will affirm.

## I.

In October 1993, the United States Attorney filed an information against Solis alleging violations of two Virgin Islands laws. In April 1994, Solis pleaded guilty to robbery in the third degree and unlawful possession of a firearm. The District Court ultimately sentenced him to a five-year suspended sentence and five years probation on the robbery count, and five years imprisonment on the firearm count to be served consecutively with the probationary sentence.

In June 2003, a Bronx grand jury returned a seven-count indictment against Solis. The following month, a petition was filed in the District Court to revoke Solis' probation. That same month, Solis pleaded guilty in New York State Supreme Court to two counts of robbery in the third degree, in violation of New York law. On December 12, 2005, the District Court heard argument on the petition to revoke probation. The Court concluded that it had jurisdiction to entertain the petition, and, having found that Solis committed a crime of violence as defined by the law of the Virgin Islands, revoked Solis' probation, rescinded the order suspending his sentence, and imposed a five-year sentence of incarceration. Solis timely appealed. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). Our review of the District Court's jurisdictional and legal rulings is plenary. Brow v. Farrelly, 994 F.2d 1027, 1032 (3d Cir. 1993).

## II.

2

The first issue before us is that of the District Court's jurisdiction over this matter. In brief, in 1984 Congress amended the Revised Organic Act to confer "the entire jurisdiction of a District Court of the United States" upon the District Court of the Virgin Islands, Walker v. Gov't of the V.I., 230 F.3d 82, 86 (3d Cir. 2000), while simultaneously limiting the local jurisdiction of that court to causes of action "the jurisdiction over which is not then vested by local law in the local court of the Virgin Islands." 48 U.S.C. § 1612(b).  At the same time, Congress provided, in a savings clause, that when the Government of the Virgin Islands decided to vest exclusive jurisdiction over local causes of action in the local courts, all cases then pending before the District Court would properly remain in that court and "may be pursued to the final determination in the District Court of the Virgin Islands, the United States Court of Appeals for the Third Circuit, and the Supreme Court." 48 U.S.C. § 1612 note.  Effective January 1, 1994, the Virgin Islands legislature vested exclusive jurisdiction over local criminal actions in the Territorial Court.[1] See Callwood v. Enos, 230 F.3d 627, 631 (3d Cir. 2000).

Because this action was commenced in 1993, there is no doubt that, pursuant to the savings clause, the District Court properly exercised jurisdiction in 1994 when it accepted Solis' guilty plea and sentenced him.  The question we must answer is whether that jurisdiction continued through 2005, when the District Court revoked Solis' probation and imposed the previously suspended sentence of five years imprisonment.

---

[1] Starting in October 2004, the Territorial Court became known as the Superior Court.

Solis argues that because the District Court no longer has jurisdiction to hear cases arising from the crimes underlying this action, it did not have jurisdiction over this matter. He relies heavily on our decisions in Callwood v. Enos, 230 F.3d 627 (3d Cir. 2000), Parrott v. Gov't of the V.I., 230 F.3d 615 (3d Cir. 2000), and Walker v. Gov't of the V.I., 230 F.3d 82 (3d Cir. 2000). As those cases are inapposite, we disagree.

In Callwood, Parrott, and Walker, we explained the interplay between the Territorial Court and the District Court when petitioners sentenced by the District Court for purely local offenses file habeas petitions pursuant to either Virgin Islands or United States law. Those cases stand for the proposition that "the relations[hip] between the District Court of the Virgin Islands and courts established by local law should be the same as those between district courts of the United States and state courts," Walker, 230 F.3d at 87, such that habeas petitions under Virgin Islands law should be brought before the Territorial Court and habeas petitions under United States law should first be exhausted in Territorial Court before advancing to the District Court.[2]

Although the Callwood line of cases raised interesting questions about the relationship between the two courts, the reasoning of those decisions is simply inapplicable here, where what is at issue is an order of the District Court revoking its sentence of probation and rescinding the suspension of its sentence of incarceration

_____

[2] In George v. Sively, 254 F.3d 438, 441 (3d Cir. 2001), we explained that the language of 28 U.S.C. § 2255 allowed for motions challenging a District Court sentence for purely local crimes to be brought directly in the District Court of the Virgin Islands.

4

because of violations committed by a defendant it had properly sentenced in the past. Unlike a habeas petition, which is a civil action that seeks to collaterally attack a sentence, Parrott, 230 F.3d at 620, proceedings to revoke probation are neither civil, collateral, nor in any way distinct from the underlying action. In fact, the Virgin Islands law permitting the imposition of probation specifically allows the District Court to "revoke or modify any condition of probation" and, as discussed below, explicitly directs the District Court to "forthwith revoke . . . probation, rescind the order suspending execution of the underlying sentence and direct the incarceration" of a defendant who commits a crime of violence while serving probation. V.I. Code Ann. tit. 5, § 3711.

Although the parties have directed us to no factually similar cases, we note that courts have long held that sentencing courts have the power to revoke or modify probation or supervised release, even after the term has expired, as a way of policing the judgments that they have entered and punishing defendants for violating their terms. See, e.g., Black v. Romano, 471 U.S. 606, 610–16 (1985); United States v. Sczubelek, 402 F.3d 175, 178–81 (3d Cir. 2005); United States v. Monteiro, 270 F.3d 465, 472 (7th Cir. 2001); United States v. Barton, 26 F.3d 490, 492 (4th Cir. 1994); United States v. Bazzano, 712 F.2d 826, 835 (3d Cir. 1983); Sweet v. Sanford, 115 F.2d 213, 214 (5th Cir. 1940). That the District Court of the Virgin Islands would not have jurisdiction to hear a newly-filed criminal case alleging violations of laws such as that underlying this case is wholly irrelevant. In sum, we find that the District Court had jurisdiction to enforce its judgment of sentence and ensure that Solis was punished for violating the terms of his

5

probation.

Having found that the District Court correctly exercised jurisdiction, the only remaining question before us is whether the District Court properly found that Solis had committed a crime of violence as defined by Virgin Islands law, so as to trigger mandatory revocation of his term of probation pursuant to section 11 of title 5 of the Virgin Islands Code. We find that it did.

Virgin Islands law provides that when a defendant on probation "is convicted of a crime of violence, as defined in Title 23, section 451(e) of the Code, the court shall forthwith revoke such probation, rescind the order suspending execution of the underlying sentence and direct the incarceration of such defendant for the full term of such sentence." V.I. Code Ann. tit. 5, § 3711(b). A "crime of violence" is defined to include "robbery." V.I. Code Ann. tit. 23, § 451(e). Because neither sections 3711(b) nor 451(e) require that the conviction be one for a violation of Virgin Islands law, we must determine whether the definition of robbery in the third degree under New York law satisfies the definition of "robbery" or any other crime enumerated in section 451(e). See Gov't of the V.I. v. James, 929 F. Supp. 201, 205 (D.V.I. 1996); cf. Nugent v. Ashcroft, 367 F.3d 162, 170–79 (3d Cir. 2004).

Virgin Islands law defines robbery as "the unlawful taking of personal property in the possession of another, from his person or immediate presence and against his will, by means of force or fear," V.I. Code Ann. tit. 14, § 1861, where the perpetrator acted with "a specific intent to deprive permanently a rightful owner of his property," Gov't of the

6

V.I. v. Carmona, 422 F.2d 95, 98 (3d Cir. 1970). Under New York law, one is guilty of robbery in the third degree "when he forcibly steals property," N.Y. Penal Law § 160.05, which requires the perpetrator to use or threaten the use of force "in the course of committing a larceny," id. § 160.00. Because larceny requires the intent to deprive another of his property, id. § 155.05, it is clear that robbery in the third degree under New York law satisfies the definition of robbery under Virgin Islands law and that the District Court correctly concluded that it is a crime of violence pursuant to section 451(e).

### III.

For the foregoing reasons, we will affirm the order of the District Court.