**35 ACRES ASSOCIATES, 12 ACRES ASSOCIATES, SAASTOPANKKIEN KESKUS-OSAKE-PANKKI (SKOPBANK) and GOVERNMENT GUARANTEE FUND OF THE REPUBLIC OF FINLAND, Plaintiffs**

**v.**

**GWENDOLYN ADAMS, COMMISSIONER OF FINANCE, and MARIE BASS, RECORDER OF DEEDS, Defendants**

**35 ACRES ASSOCIATES, 12 ACRES ASSOCIATES, SAASTOPANKKIEN KESKUS-OSAKE-PANKKI (SKOPBANK) and GOVERNMENT GUARANTEE FUND OF THE REPUBLIC OF FINLAND, Plaintiffs**

**v.**

**GWENDOLYN ADAMS, COMMISSIONER OF FINANCE, and MARIE BASS, RECORDER OF DEEDS, Defendants**

**GOVERNMENT OF THE VIRGIN ISLANDS OF THE UNITED STATES, DEPARTMENT OF FINANCE, Plaintiffs**

**v.**

**35 ACRES ASSOCIATES and 12 ACRES ASSOCIATES, Defendants**

Misc. No. 1995-49

Civ. No. 1995-98(M)

Civ. No. 1997-63

District Court of the Virgin Islands

Div. of St. Thomas and St. John

April 28, 1997

270

WARREN B. COLE, ESQ., (Hunter, Colianni, Cole & Turner), St. Croix, U.S.V.I., *for Plaintiffs in Misc. No. 1995-49 and Civ. No. 1995-98(M)*

GLENDA CAMERON, ESQ., (Assistant Attorney General), St. Croix, U.S.V.I., and HUGH GREENTREE, ESQ., (Assistant Attorney General), St. Thomas, U.S.V.I., *for Defendants in Misc. No. 1995-49 and Civ. No. 1995-98(M)*

MOORE, *Chief Judge*

### MEMORANDUM

This matter is before the Court on various motions to remand and dismiss the above captioned cases. These cases arise out of a dispute over the amount of stamp taxes to be paid upon the transfer of two properties on the island of St. John to 35 Acres Associates ["35 Acres"] and 12 Acres Associates ["12 Acres"] at a judicial sale held pursuant to a Consent Judgment in Foreclosure entered in *Government Guarantee Fund of the Republic of Finland, et. al. v. Great Cruz Bay Development Co., Inc., et. al.,* Civil No. 1991-355 (Senior Judge Stanley S. Brotman, District of New Jersey, sitting by designation). For the following reasons, the Court will dismiss Civil No. 1995-98(M) and remand Misc. No. 1995-49 and Civil No. 1997-63 to the Territorial Court.

271

## Factual and Procedural Background

35 Acres and 12 Acres purchased the St. John properties at judicial sale and subsequently received two deeds from the United States Marshal. After some initial dispute in the amount of stamp taxes which would have to be paid to record the deeds, the Government of the Virgin Islands ["Government"] agreed that the deeds would be recorded by 35 Acres and 12 Acres paying the two percent (2%) stamp tax of $40,000 based on the price of $2 million paid to the Marshal. The agreement of 35 Acres and 12 Acres and the Government was memorialized in an Order of this Court, which further provided that "the recordation of the two marshal's deeds does not prejudice the right of the Government of the Virgin Islands to collect additional stamp taxes on the two marshal's deeds and all such rights to collect additional stamp taxes are preserved." (Order, March 21, 1995 (Brotman, J.), attached as Ex. 4 to Complaint in Civil No. 1995-98(M).) The Government later determined the properties to have a value of $180,864,729.18, based on the total amount of the Skopbank mortgages which remain on the properties. The Commissioner of Finance accordingly assessed additional stamp taxes of $3,617,294.58 based on the value of the mortgages. The Government also threatened "to rescind the recordation of the two Marshal's deeds" if this stamp tax deficiency was not paid immediately. (Complaint, Civil No. 1995-98(M) at ¶ 20.)

35 Acres, 12 Acres, Skopbank and the Government Guarantee Fund ["GGF"] [collectively "Skopbank Parties"], claiming that they were all "persons aggrieved" under V.I. CODE ANN. tit. 33, § 122, then sued in Territorial Court to challenge the Government's determination and assessment of additional stamp taxes, which the Skopbank Parties immediately removed to this Court claiming that Skopbank and GGF are foreign states. (Misc. No. 1995-49.) The Skopbank Parties also filed a complaint directly in this Court seeking an order prohibiting the government from conditioning the plaintiffs' appeal of the stamp tax deficiency determination on prepayment of the additional stamp tax, and further seeking an order enjoining the Government from rescinding the recordation of the deeds. (Civil No. 1995-98(M).)

After an extensive hearing in Civil No. 1995-98(M), this Court issued a preliminary injunction on August 21, 1995, enjoining the

defendants, Gwendolyn Adams, Commissioner of Finance, and Marie Bass, the Recorder of Deeds, "from rescinding or attempting to rescind the recordation of those certain Marshal's Deeds issued by the United States Marshal in favor of 35 Acres Associates and 12 Acres Associates . . . ." The Court premised its jurisdiction to issue the preliminary injunction on the Court's finding that such an order was "necessary to enforce the understanding of the parties represented by and contained in [Judge Brotman's March 21, 1995, Order in Civil No. 1991-355], as well as to protect the integrity of that Order from the Commissioner of Finance's threatened rescission of the recording of the two Marshal's Deeds . . . ." The Skopbank Parties have moved for this preliminary injunction to be converted to a permanent injunction.

The Government answered the complaint in Civil No. 1995-98, filed counterclaims and recorded notices of lis pendens against the two St. John properties owned by 35 Acres and 12 Acres. The Skopbank Parties moved for partial summary judgment on two of the counterclaims and sought an order striking the notices of lis pendens. A hearing was held on the motion for partial summary judgment and the motion for removal of the notices of lis pendens on March 26, 1997, and the matter was taken under advisement. On April 11, 1997, the Government filed a complaint in Territorial Court against 35 Acres and 12 Acres only, seeking payment of the stamp tax deficiency, penalties,[1] as well as other relief, including judicial recission of the recording of the two deeds. That action has also been removed to this Court, which is Civil No. 1997-63 in this Court. Based on this latest complaint seeking the same relief, the Government has moved to dismiss its counterclaims in Civil No. 1995-98.

**Discussion**

A. *Dismissal of Civil No. 1995-98(M)*

The Government seeks dismissal of Civil No. 1995-98(M) on the ground that this Court lacks subject matter jurisdiction pursuant to

---

[1] It should be noted that the Government conceded that there is no penalty more than $100 that is applicable to stamp taxes as the Virgin Islands Code is written. (Tr. Mar. 26, 1997 at 68-72.)

the Tax Injunction Act, 28 U.S.C. § 1341. The Tax Injunction Act provides:

> The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State.

28 U.S.C. § 1341. As the Supreme Court has observed, this legislation "has its roots in equity practice, in principles of federalism, and in recognition of the imperative need of a State to administer its own fiscal operations." *Tully v. Griffin, Inc.*, 429 U.S. 68, 73, 50 L. Ed. 2d 227, 97 S. Ct. 219 (1976); *see also Behe v. Chester County Bd. of Assessment Appeals*, 952 F.2d 66, 68 (3d Cir. 1991). Because the Act "reflect[s] the fundamental principle of comity between federal courts and state government," the Supreme Court has read it expansively. *Fair Assessment in Real Estate Assn. v. McNary*, 454 U.S. 100, 203, 70 L. Ed. 2d 271, 102 S. Ct. 177 (1981). Indeed, this broad reading "has woven an almost impenetrable barrier to state tax challenges in federal court." *Behe*, 952 F.2d at 68 (citation omitted).

██ The Skopbank Parties argue that the Tax Injunction Act is not applicable to this Court because the District Court of the Virgin Islands is not a district court of the United States, and the Virgin Islands is not a State. *See, e.g. In Re Jaritz Industries, Ltd.*, Civil Nos. 96-3, 395-005, 96-28, 395-00003, 1997 WL 176423 (D.V.I. Mar. 17, 1997). The Skopbank Parties are correct that this Court is not a district court, as that term is used in the Tax Injunction Act. Further, this Court has the nature and classification of a territorial and not a federal court. *See In Re Jaritz Industries, Ltd.* at *11-*16 (discussing *United States v. George*, 625 F.2d 1081, 1089 (3d Cir. 1980)). The applicability of the Tax Injunction Act does not depend upon the federal nature or classification of the court, however, but on whether the court possesses the judicial authority or jurisdiction of a district court.

██ The Skopbank Parties have overlooked that Congress has given this Court the judicial authority and jurisdiction of a district court of the United States. *See In Re Jaritz Industries, Ltd.*, at *9-*11.

Since the Tax Injunction Act is a further restriction on the already limited subject matter jurisdiction of district courts of the United States, it similarly restricts the subject matter jurisdiction of this Court. Neither side has suggested that the Government of the Virgin Islands does not possess sufficient attributes of the sovereignty of a State to require the application of the principles of comity and federalism underlying the Tax Injunction Act. *See In Re Jaritz Industries, Ltd.*, at *13 (discussing *Harris v. Boreham*, 233 F.2d 110, 114 (3d Cir.1956)). Therefore, this Court may not hear a case which will necessarily involve or interfere with the Government's administration of its tax code.

The Court based its exercise of jurisdiction to issue a preliminary injunction in Civil No. 1995-98(M) on the ground that an attempt by the Government to renege on its agreement memorialized in Judge Brotman's Order of March 21, 1995 by threatening to "unrecord" the deeds would thwart the effectiveness and enforcement of an order of this Court. The Court incidentally fully expected 35 Acres and 12 Acres to recognize their obligation to pay additional stamp taxes and that the parties would be able to come to some agreement on valuation of the two properties. Indeed, 12 Acres and 35 Acres have always agreed that the properties are worth more than the two million dollars paid at the judicial sale and that additional taxes would be assessed.[2] Moreover, the additional pleadings filed in this Court and the Territorial Court, as well as further oral argument from the parties, clarified the nature of the dispute.

It now appears that the judicial resolution of the Government's authority or lack of authority to rescind the recordation of the deeds is so inextricably intertwined with the government's "assessment, levy or collection" of the stamp tax that this Court is prohibited by the Tax Injunction Act from continuing to exercise jurisdiction in this case.[3] Moreover, the Skopbank Parties also seek

---

[2] For example, the Skopbank Parties stated that they do "not contend that the recording precludes the Government from seeking further assessments of stamp tax." (Br. Supp. Mot. For Enforcement of Consent Order, Writs of Mandamus and Prohibition, a TRO; and Prelim. And Perm. Injunctive Relief at 13.)

[3] There has been no suggestion that 35 Acres and 12 Acres do not have a "plain, speedy and efficient remedy" in the Territorial Court. *See* 28 U.S.C. § 1341.

in Civil No. 1995-98 a declaration that the Government cannot force them to pay the assessed tax before they can appeal that assessment. While this Court has held that there is no statutory, regulatory or decisional authority which would authorize the Government to threaten to rescind the recordation of a deed as a tool to collect additional stamp taxes, this entire dispute will be more efficiently resolved in one proceeding before the Territorial Court. For these reasons, the Court will dissolve the preliminary injunction and dismiss in its entirety the complaint in Civil No. 1995-98(M).

## B. *Remand of Misc. No. 1995-49 and Civil No. 1997-63.*

The government of the Virgin Islands also seeks to remand both Misc. No. 1995-49 and Civil No. 1997-63 for lack of subject matter jurisdiction. The Court agrees that it lacks jurisdiction over these two controversies.

Having themselves filed suit as plaintiffs in the Territorial Court, the Skopbank Parties nevertheless removed Misc. No. 1995-49 pursuant to 28 U.S.C. § 1441(d) based on the fact that Skopbank and GGF are foreign states, on their assertion that Skopbank and GGF are "persons aggrieved" under 33 V.I.C. § 122 by the tax determination,[4] and on their claim that the Skopbank Parties were functionally "defendants" in the Territorial Court action. The problem with this removal is that the stamp tax deficiency was determined and assessed only against the owners of the properties, 35 Acres and 12 Acres. Moreover, the Government presently has no action pending against Skopbank and GGF to recover the stamp tax deficiency, having moved to dismiss its counterclaims in Civil No. 1995-98, and the recently filed Territorial Court action (pending here as Civil No. 1997-63) is only against 35 Acres and 12 Acres.

---

[4] V.I. Code Ann. tit. 33, § 122 provides for the determination of the value of land for stamp tax purposes and the appeal of that determination:

In any case where the Commissioner of Finance finds that the value for stamp tax purposes declared by the parties differs from the actual price paid or is substantially inconsistent with current values at the time of the transfer of title, of similar properties . . . , the said Commissioner shall determine such value for stamp tax purposes; and the stamp tax shall be paid on the basis of the same. Any person aggrieved by a determination by the Commissioner pursuant to this subsection may take an appeal therefrom to the Territorial Court within thirty (30) days from the date of receipt of notice of the determination by the Commissioner.

■ Since the Government is not attempting to collect the additional stamp taxes from Skopbank or GGF, there is no basis for this Court to find that either Skopbank or GGF are aggrieved or have standing under 33 V.I.C. § 122 to challenge the assessment of additional tax stamps. Because Skopbank and GGF do not have standing to appeal the determination, they must be dismissed from the case, which leaves 35 Acres and 12 Acres as the only plaintiffs remaining. This Court has already ruled that 35 Acres is not a foreign state but is a citizen of the Virgin Islands. *Government Guarantee Fund v. Hyatt Corp.*, Civil No. 1995-49, 1997 WL 176447 at n. 2 (D.V.I. April 4, 1997). Since the ownership and status of 12 Acres are identical in nature to that of 35 Acres, the Court finds that 12 Acres is also a citizen of the Virgin Islands and not a foreign state. The only possible basis for removal, the foreign state provision of 28 U.S.C. § 1441(d), provides no basis for removal here because no party in the case is a foreign state.

The Skopbank Parties also premise removal under the authority of the All Writs Act, 28 U.S.C. § 1651. That Act provides that "the Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651 (1994). "A district court, in exceptional circumstances, may use its authority under the Act to remove an otherwise unremovable state court action to "prevent the frustration of orders it has previously issued in its exercise of jurisdiction otherwise obtained.'" *Davis v. Glanton*, 107 F.3d 1044, 1047 n.4 (3d Cir. 1997) (quoting *United States v. New York Tel. Co.*, 434 U.S. 159, 172, 54 L. Ed. 2d 376, 98 S. Ct. 364 (1977)). However, the Act is not a "jurisdictional blank check which [federal courts] may use whenever they deem it advisable." *Id.* (citing *In Re Orange Product Liability Litig.*, 996 F.2d 1425, 1431 (2d Cir. 1993)).

■ Even if the Territorial Court action has the potential to affect orders issued by this Court, the extraordinary circumstances necessary for removal to be justified are not presented in this case. Removal under the All Writs Act has only been permitted in cases involving consent decrees or complex class litigation that would be undermined if actions in other courts were permitted. *See, e.g. Hyatt Corp. v. Stanton*, 945 F. Supp. 675, 691-92 (S.D.N.Y. 1996) and

cases cited therein. Misc. No. 1995-49 concerns neither complex class action litigation or a complex consent decree, and removal under the All Writs Act is inappropriate.

Civil No. 1997-63 similarly must be remanded to the Territorial Court. Neither Skopbank nor GGF are involved as parties,[5] making section 1441(d) wholly inapplicable. Nor is removal appropriate under the All Writs Act for the same reasons the Act could not support removal in Misc. No. 1995-49.

Accordingly, Civil No. 1997-63 and Misc. No. 1995-49 will be remanded to Territorial Court. Civil No. 1995-98(M) will be dismissed. An appropriate order is attached.

ENTERED this 28th day of April, 1997.

### ORDER

For the reasons set forth in the accompanying memorandum, it is hereby

ORDERED that Civil No. 1995-98(M) is DISMISSED for lack of subject matter jurisdiction; and it is further

ORDERED that Misc. No. 1995-49 is REMANDED to territorial court; and it is further

ORDERED that Civil No. 1997-63 is REMANDED to territorial court.

ENTERED this 28th day of April, 1997.

---

[5] Skopbank and GGF have filed a motion to intervene in Civil No. 1997-63 and a separate notice of removal. Skopbank and GGF do not have standing because they are not "aggrieved persons," and their motion to intervene is therefore denied.