

2000 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-13-2000

# Parrott v. Govt of VI

Precedential or Non-Precedential:

Docket 99-3688

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2000

Recommended Citation

"Parrott v. Govt of VI" (2000). *2000 Decisions.* Paper 218.
http://digitalcommons.law.villanova.edu/thirdcircuit_2000/218

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2000 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

Filed October 13, 2000

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 99-3688

ROY SYLVESTER PARROTT,
       Appellant

v.

GOVERNMENT OF THE VIRGIN ISLANDS

Appeal from the District Court of the Virgin Islands
(Division of St. Thomas and St. John)
D.C. Civil Action No. 98-cv-00152
District Judge: Honorable Thomas K. Moore
District Judge: Honorable Raymond L. Finch
Territorial Judge: Edgar D. Ross

Argued: April 13, 2000

Before: SLOVITER, ROTH and STAPLETON,
Circuit Judges

(Filed: October 13, 2000)

Adam G. Christian, Esquire (Argued)
Hodge & Francois
1340 Taarnederg Road
Charlotte Amalie, St. Thomas
USVI, 00802

 Attorney for Appellant

Iver A. Stridiron
Attorney General
Frederick Handleman
Solicitor General
Maureen P. Cormier (Argued)
Assistant Attorney General
Department of Justice
48B-50 Kronprindsens Gade
GERs Bldg., 2nd Floor
Charlotte Amalie, St. Thomas
USVI, 00802

 Attorneys for Appellee

OPINION OF THE COURT

ROTH, Circuit Judge:

Roy Parrott is currently serving a life sentence for a 1976 murder conviction, based on a violation of Virgin Islands territorial law. He is appealing the dismissal by the District Court of the Virgin Islands of his petition for collateral relief under the Virgin Islands habeas statute, S 1303, Title 5 of the V.I. Code. Parrott's claim poses a variation on issues we have been facing when we interpret the 1984 amendments to the Virgin Islands Revised Organic Act. In Parrott's appeal, we must decide whether the Revised Organic Act's changes to the jurisdictions both of the District Court and of the Territorial Court, the local Virgin Islands court, operate to vest jurisdiction solely with the Territorial Court for habeas petitions arising from convictions for violations of territorial law. The District Court answered "no" to this question. We conclude, however, that the correct answer is "yes." We will, therefore, reverse the dismissal of the habeas

2

petition by the District Court and remand this case to it for remand to the Territorial Court for further proceedings.

I. Factual and Procedural Background

Twenty-four years ago, the District Court of the Virgin Islands, sitting as a local court of general jurisdiction, convicted Parrott of first degree murder and of possession of an unlicenced firearm and sentenced him to life in prison without possibility of parole. Both crimes were violations solely of the Virgin Islands local criminal code. Parrott twice challenged his conviction by direct appeal to this Court but was ultimately unsuccessful. On his first appeal, we remanded Parrott's case to the District Court for a new trial. See Government of Virgin Islands v. Parrott, 551 F.2d 553 (3d Cir. 1977) (remanding for concerns about jury impartiality). The second trial ended with a hung jury. A third trial was held, and at its conclusion the jury found Parrott guilty of both crimes. The District Court reimposed a life sentence without parole. Parrott appealed the conviction. This time, we found no error and affirmed.

Parrott then twice petitioned the District Court for collateral relief under the federal habeas statute, 28 U.S.C. S 2255.1 Section 2255 authorizes review of sentences for violations of federal laws. In his first petition, in 1984, the District Court considered the merits and denied the petition. We affirmed. Parrott's second petition under S 2255 was rejected because it failed to overcome the limitations that S 2255 places on successive federal habeas actions.

In July 1998, Parrott made a third attempt to obtain habeas relief, this time from the Territorial Court under the local Virgin Islands habeas statute. See 5 V.I. Code Ann. SS 1301-1325 (1997). The Territorial Court dismissed his petition "without prejudice to refile in the District Court," reasoning that, although the Territorial Court had jurisdiction over habeas petitions brought under the local law, as a matter of comity and judicial economy the District

---

1. His first petition was filed under 28 U.S.C. S 2254 but treated by the District Court as if it had been filed under S 2255.

Court was the better forum to hear the petition because it had convicted and sentenced Parrott. See Parrott v. Government of Virgin Islands, Misc. No. 58/98 (Terr. Ct. V.I. July 17, 1998), JA at 3-8.

Parrott appealed the dismissal to the District Court Appellate Division, which reviewed the matter in its capacity as a local appellate court. Although the District Court affirmed the dismissal, it relied on other grounds to do so. The District Court recognized that, as a result of the 1984 amendments to Revised Organic Act and the subsequent expansion of the Territorial Court's jurisdiction, the District Court had been divested of original jurisdiction over questions of purely local civil law, including habeas petitions. The District Court concluded, however, that this divestiture did not extend to all local habeas petitions and that the Territorial Court's jurisdiction for local habeas petitions extended only to prisoners that it had sentenced. Prisoners sentenced under territorial law by the District Court, in contrast, still had to submit their S 1303 habeas petitions to the District Court. See Parrott v. Government of Virgin Islands, 56 F. Supp. 2d 593, 595-96 (D.V.I. 1999).

The District Court emphasized that, because the 1984 amendments reconfigured its relationship with the Territorial Court to mirror the relationship between federal and state courts, the Territorial Court could not review a decision originally made by the now "federalized" District Court in its former territorial capacity. Unless the District Court retained jurisdiction over petitions for S 1303 habeas relief from the prisoners it had sentenced under local law, those prisoners would be denied any habeas relief. That denial in turn would violate the Revised Organic Act's guarantee of the "great writ" to all Virgin Islands residents. To avoid that result, the District Court concluded that it must retain jurisdiction over local habeas petitions from prisoners like Parrott. See id. The District Court determined that because Parrott's petition had been filed in the Territorial Court, the dismissal of the petition by the Territorial Court was proper. It is this decision that Parrott now appeals.

The District Court had jurisdiction as an appellate court under both local law, 4 V.I. Code Ann. S 33, and the

4

Revised Organic Act, 48 U.S.C. S 1613a(a). We have jurisdiction under 28 U.S.C. S 1291, S 1294(3), which grants us appellate review over decisions from the District Court of the Virgin Islands, and the Revised Organic Act, 48 U.S.C. S 1613a(c), which grants us appellate authority over the District Court's decisions on matters of local law. We review de novo the District Court's dismissal of a claim for lack of subject matter jurisdiction under the Revised Organic Act, including that court's "prediction, interpretation and application of Virgin Islands law." Brow v. Farrelly, 994 F.2d 1027, 1032 (3d Cir. 1993).

## II. Territorial Court's Jurisdiction for Habeas Corpus Petitions under V.I. Law2

### A. Divestiture of District Court's Concurrent Jurisdiction Over Local Civil Actions

Parrott's effort to obtain collateral relief before the Territorial Court under the local habeas statute requires us once again to clarify the scope of the jurisdictional changes brought about by Congress's 1984 amendments to the Revised Organic Act. See 48 U.S.C. SS 1611–1616 (West 1987 & Supp. 2000).3

With the 1984 amendments, Congress established the framework for a dual system of local and federal judicial review in the Virgin Islands. By virtue of these amendments, the District Court now possesses the jurisdiction of a "District Court of the United States." 48

_____

2. We find ourselves in the unique position of having both parties agree on the question of jurisdiction. For convenience, we will refer to both parties as "Parrott." Further, although the Virgin Islands government contended in its brief that we should also reach the merits of Parrott's petition, at argument the government withdrew that contention.

3. The evolving roles of both the District Court and the Territorial Court prior to these amendments have been comprehensively reviewed in our other decisions. See e.g., Carty v. Beech Aircraft Corp., 679 F.2d 1051, 1053–56 (3d Cir. 1982); United States v. George , 625 F.2d 1081, 1087–88 (3d Cir. 1980). As these opinions demonstrate, the District Court, before it was divested of original jurisdiction over local matters, served as a local, or territorial, court when hearing cases based on local law.

U.S.C. S 1612(a).4 After the 1984 amendments, the District
Court continued to possess its statutorily granted local
jurisdiction. The Virgin Islands Legislature was now able,
however, to divest the District Court of original jurisdiction
for local matters by vesting that jurisdiction in territorial
courts established by local law for all causes for which "any
court established by the Constitution and laws of the
United States does not have exclusive jurisdiction." 48
U.S.C. S 1611(b).

To the extent that that divestiture power is exercised by
the legislature, the District Court loses jurisdiction to the
Territorial Court over local matters.5  See 48 U.S.C.
S 1612(b); see also Estate Thomas Mall, Inc. v. Territorial Ct.
of Virgin Islands, 923 F.2d 258, 262–63 (3d Cir. 1991)
(holding that, following the enactment of S 1612, divestiture
is not self-executing). Section 1612(b) provided the
mechanism to eliminate the overlap between the District
Court and the Territorial Court on local matters:

> The purpose of section 22(b) [48 U.S.C. S 1612(b)] is to
> eliminate the present situation of both the district
> court and the local court having jurisdiction over
> strictly local causes. Upon the effective date, the district
> court will not [sic] longer have jurisdiction over any
> cause over which local law has vested jurisdiction in
> the local courts. The decision as to whether jurisdiction
> over strictly local causes should be vested in the
> district courts or the local courts will be made by local
> law. At any time, . . . by vesting jurisdiction in the local

_____

4. Although the Virgin Islands government argues in its brief that the
1984 amendments effectively granted District Court jurisdiction for
habeas petitions under 28 U.S.C. S 2254, we need not address this
argument because Parrott's petition for habeas relief under local law
does not put this issue in controversy. Moreover, as we held in Walker
v. Government of Virgin Islands (3d Cir. Oct. 13, 2000), as a result of
1984 amendments, the District Court of the Virgin Islands now has
jurisdiction over collateral challenges brought under S 2254. See id.,
slip
opinion at 7–8.

5. The District Court continues, however, to sit as an appellate court to
review local matters decided by the Territorial Court. See 48 U.S.C.
S 1613a(a).

6

courts, the local law will have the effect of divesting the district court of jurisdiction.

103 Cong. Rec. S10527 (daily ed. Aug. 10, 1984) (statement by Sen. Weicker) (emphasis added).

This divestiture is reinforced by S 1613 of the Revised Organic Act, which formalizes the separate institutional relationship between the District Court and the Territorial Court for, among other questions, habeas petitions:

The relations between the courts established by the Constitution or laws of the United States and the courts established by local law with respect to . . . the issuance of writs of habeas corpus . . . shall be governed by the laws of the United States pertaining to the relations between the courts of the United States, including the Supreme Court of the United States, and the courts of the several States in such matters and proceedings.

48 U.S.C. S 1613. This section ensures "that the relations between the local courts of the Virgin Islands and the federal courts . . . shall be the same as the relation between the state courts and the federal courts . . . ." 130 Cong. Rec. S10527 (daily ed. Aug. 10, 1984) (statement by Sen. Weicker).

The Territorial Legislature took the first steps toward eliminating concurrent jurisdiction in 1991 when it divested the District Court of original jurisdiction over purely local civil matters. See 4 V.I. Code Ann. S 76(a) (1997).6 As we reasoned in Brow, S 1613 of the Revised Organic Act acts in combination with S 76(a) of the V.I. Code to effectively repeal any grant of concurrent jurisdiction to the District Court over local actions once the Virgin Islands Legislature

_____

6. This provision reads:

Subject to the original jurisdiction conferred on the District Court by
section 22 [48 U.S.C. S 1612] of the Revised Organic Act of 1954, as
amended, effective October 1, 1991, the Territorial Court shall have
original jurisdiction in all civil actions regardless of the amount in
controversy . . . .

4 V.I. Code Ann. S 76(a) (1997).

has vested jurisdiction over local civil actions in the
Territorial Court. See Brow, 994 F.2d at 1035-36
(recognizing implicit repeal in 4 V.I. Code Ann.S 32).

Because habeas proceedings are generally considered
civil in nature, see Hilton v. Braunskill, 481 U.S. 770, 776
(1987), the term "civil action" includes habeas petitions.7
Thus, S 76(a)'s implied repeal of the District Court's
jurisdiction for local civil actions governs our interpretation
of the grant of jurisdiction in S 1303.

The situation here is complicated, however, by the fact
that, despite S 76(a)'s grant of jurisdiction in local actions to
the Territorial Court, the Virgin Islands code continues to
provide that "[t]he writ of habeas corpus may be granted by
the district court, upon petition by or on behalf of any
person restrained of his liberty." 5 V.I. Code Ann. S 1303
(emphasis added). We must, therefore, determine whether
the 1984 amendments affected the jurisdictional provisions
inherent in the language of S 1303 in that that section's
specific reference to writs of habeas corpus being granted
by the district court has never been amended. However,
when interpreting other Virgin Islands statutes in which the
grant of jurisdiction over civil actions had been made
expressly to the "district court," as it was in the habeas
provision, we have reached the conclusion that the
reference to the "district court" had been impliedly
repealed. See Moravian Sch. Advisory Bd. v. Rawlins, 70
F.3d 270, 273 (3d Cir. 1995) (construing implied repeal for
5 V.I. Code Ann. S 1421); Tamarind Resort Assoc. v.
Government of Virgin Islands, 138 F.3d 107, 114 (3d Cir.

_____

7. Admittedly, habeas corpus proceedings are hybrid ones, providing a
civil remedy for a person in custody under criminal laws. These
proceedings have, however, been treated as civil, rather than criminal,
ones for purposes of determining jurisdiction. See Ex parte Tom Tong,
108 U.S. 556, 559-60 (1883) (concluding habeas is civil proceeding for
purposes of determining appellate jurisdiction). Although we more
recently have construed the term "civil action" to exclude habeas
petitions, we did so only in the procedural, not jurisdictional, context
of
the filing fees imposed under the Prison Litigation Reform Act. See
Santana v. United States, 98 F.3d 752, 754-56 (3d Cir. 1996) (discussing
intent of Congress to limit this provision to civil actions over prison
conditions brought under S 1983 and the Federal Tort Claims Act).

8

1998) (construing same for 21 V.I. Code Ann. S 913(d)). We conclude that there is ample precedent in our interpretation of other Virgin Islands statutes to conclude that the reference to the "district court" inS 1303 has been impliedly repealed by S 76(a). Cf. Walker v. Government of Virgin Islands (3d Cir. Oct. 13, 2000) (holding that District Court properly determined it was without jurisdiction to grant habeas relief under S 1303 to prisoner convicted in Territorial Court).

We note that when the District Court tried Parrott's case, it did so as a local court acting under its then general jurisdiction, which authorized it to serve the dual functions of local territorial and federal court. The District Court no longer fulfills these twin roles. Nevertheless, this former duality of function does not prevent us from finding that the elimination of the District Court's territorial function impliedly repealed its territorial habeas function.

In sum, because S 76(a) operates to divest the District Court of jurisdiction for all civil actions, including habeas proceedings, we hold that the correct forum for Parrott's habeas petition under 5 V.I. Code Ann. S 1303 is not the District Court but the Territorial Court. Nor are we dissuaded from reaching this result because the District Court now has the jurisdiction of a "District Court of the United States." As explained in the next section, while that newly bestowed status circumscribes the District Court's original jurisdiction, it does not create a constitutional obstacle to the Territorial Court's review of its earlier decisions.

B. Unified Sovereign Authority Under Article IV, S 3

In analyzing whether the Territorial Court had jurisdiction for petitions brought under the Virgin Islands habeas statute, the District Court gave priority to the institutional separation between the two courts thatS 1613 of the Revised Organic Act requires, rather than to the jurisdictional separation required by the Revised Organic Act's S 1612. This priority, however, is mistaken. Because both the Territorial Court and the District Court derive their power from the same sovereign, i.e., the U.S. Congress, the institutional separation is administrative

9

rather than constitutional. Consequently, this separation does not prevent the Territorial Court from reviewing prior decisions made by the District Court in cases in which the District Court sat as a local court.

Because the separation is administrative rather than constitutional, when the jurisdiction of these courts is changed, as was accomplished by S 1612, there is no bar to the Territorial Court exercising its revised jurisdiction to review a judgment of the District Court made under territorial law. The jurisdictional separation discussed above indeed requires that the divesting of the District Court of its jurisdiction for local civil actions also strips it of jurisdiction for local habeas petitions from territorial prisoners like Parrott, even though the District Court sentenced those prisoners.

Under our earlier reasoning in Brow and Moravian Sch. Advisory Bd., the Territorial Court possesses jurisdiction over local habeas provisions from prisoners it tried and sentenced. See Walker, slip opinion at 3-4 (3d Cir. Oct. 13, 2000) (citing Callwood v. Enos, slip opinion at 9 (3d Cir. Oct. 13, 2000)); Parrott, 56 F. Supp. 2d at 596 n.10. The District Court, nevertheless, concluded that our decision in Joseph v. DeCastro, 805 F. Supp. 1242 (D.V.I. 1992), aff'd, 995 F.2d 217 (3d Cir. 1993) (affirming without opinion), and the newly established "federal-state" relationship between the two courts, which the Revised Organic Act's S 1613 codified, prevented the Territorial Court from reviewing the District Court's earlier convictions. Were it to relinquish this jurisdiction, the District Court reasoned, prisoners such as Parrott would be deprived of habeas relief because territorial courts, like state courts, cannot review a federal District Court decision. See Parrott, 56 F. Supp. 2d at 596. This denial would in turn violate the Virgin Islands Bill of Rights, which guarantees that "[a]ll persons shall have the privilege of the writ of habeas corpus and the same shall not be suspended except as herein expressly provided." 48 U.S.C. S 1561 (West 1987 & Supp. 2000); see also Parrott, 56 F. Supp. 2d at 596. We are not persuaded, however, that this is the correct interpretation of the Revised Organic Act's revised jurisdictional scheme.

10

First, the decision in Joseph, which concluded that the
District Court is the more appropriate forum for review of
local habeas petitions, can be distinguished because at the
time Joseph was decided, the District Court retained
original jurisdiction over many local criminal actions.
Moreover, the court in Joseph recognized that its
conclusion would change at such time as jurisdiction over
local crimes was vested in the local judicial system. Joseph,
805 F. Supp. at 1252. As of 1994, however, when the Virgin
Islands Legislature vested jurisdiction for all local crimes
with the Territorial Court, that jurisdictional obstacle was
removed. See 4 V.I. Code Ann. S 76(b)(1) & (c) (1997).8 Thus,
the District Court now lacks the concurrent jurisdiction
over local criminal actions that it shared with the Territorial
Court at the time of Joseph.9 The elimination of concurrent
jurisdiction does not prevent the Territorial Court from
reviewing District Court decisions before 1994 that were
based on local law. It does, however, preclude the local
court's review, under the local habeas law, of any District

_____

8. This provision reads:

    Upon the effective date of this section, subject to the concurrent
    jurisdiction conferred on the District Court of the Virgin Islands
by
    sections 21 and 22 of the Revised Organic Act of the Virgin
Islands,
    as amended, the Territorial Court shall have original jurisdiction
in
    all criminal actions.

    . . .

    This section shall become effective January 1, 1994.

1993 V.I. Sess. L. 5890, SS 1, 3.

9. The District Court's decision also misconstrues the current scope of
its concurrent jurisdiction for criminal matters. See Parrott, 56 F. Supp.
2d at 596 n.8. Section 22(c) of the Revised Organic Act, codified at 48
U.S.C. S 1612(c), grants the District Court concurrent jurisdiction only
over those cases for which the District Court retains jurisdiction under
S 22(a) or (b), codified respectively at 48 U.S.C. SS 1612(a) and 1612(b).
As noted above, the District Court no longer retains original jurisdiction
over local criminal matters. See V.I. Code Ann. tit. 4, S 76(b)(1) & (c).
For
the same reason, our decision in United States v. Kennings, 861 F.2d
381 (3d Cir. 1988), that the District Court of the Virgin Islands sits as
a district rather than local court when hearing local criminal matters, is
distinguishable from Parrott's case. See id. at 389.

Court criminal convictions decided after 1994. The Territorial Court can only exercise habeas review of cases in which it is the successor court to the District Court of the District Court's now-terminated territorial jurisdiction.10

The District Court was reluctant to construe the Territorial Court's habeas jurisdiction to parallel our reasoning in Brow and Moravian Sch. Advisory Bd. because it wished to avoid having the Territorial Court review the decision of a "federal" court. This purported federalism concern is, however, a red herring: The restructuring of the relationship between the District Court and the Territorial Court in SS 1612 and 1613 of the Revised Organic Act requires the opposite conclusion.

The District Court's power originates under Article IV, S 3, which authorizes Congress to regulate the various U.S. territories. See Binns v. United States, 194 U.S. 486, 491 (1904) (recognizing Congress's plenary power to define institutional relationships in territories). Congress exercises this authority through the Revised Organic Act, which serves as the Virgin Islands constitution. See 48 U.S.C. SS 1541-1645 (West 1987 & Supp. 2000); Brow, 994 F.2d at 1032. As such, the Revised Organic Act is also the source of authority for the Virgin Islands Legislature. See 48 U.S.C. S 1574(a). It is through the Revised Organic Act that Congress authorizes the local legislature to grant the Territorial Court its jurisdiction. See 48 U.S.C. S1611(b). Consequently, both the Territorial Court and the District Court derive their respective jurisdictional grants from the same sovereign -- namely, Congress, exercising its authority under Article IV, S 3.

As a result, the District Court does not derive its jurisdiction, as do other federal courts, from Article III. See United States v. George, 625 F.2d 1081, 1088-89 (3d Cir. 1980).11 Nor has the District Court previously been treated

_____

10. The one limitation on this general separation of jurisdiction for local
criminal matters is when a charged local crime relates to federal crimes as well. In that instance, the District Court retains concurrent jurisdiction. See Callwood v. Enos, slip opinion at 7 (3d Cir. Oct. 13, 2000).
11. As the George court observed:

    [The District Court of the Virgin Islands] is, of course, a court

12

as "a court of the United States" or, as we say more commonly, as an Article III court. See generally United States v. Kennings, 861 F.2d 381 (3d Cir. 1988). In Kennings, we applied the federal anti-bribery statute to proceedings in the District Court of the Virgin Islands because the statute covered the solicitation of bribes before "any court," not just to bribery attempts by witnesses appearing before courts "of the United States." Id. at 388–89. Indeed, the District Court continues, even after the 1984 amendments, to classify itself as territorial, rather than federal, in a constitutional sense. See 35 Acres Assoc. v. Adams, 962 F. Supp. 687, 690 (D.V.I. 1997).

Thus, while Congress has elected, for administrative purposes, to treat the Virgin Islands as a separate sovereign, see Government of Virgin Islands v. Schneider, 893 F. Supp. 490, 495 (D.V.I. 1995), the constitutional relationship between the territories and the federal government remains unified:

> [I]n a federal Territory and the Nation, as in a city and a State, "[t]here is but one system of government, or of laws operating within [its] limits." City and State, or Territory and Nation, are not two separate sovereigns to whom the citizen owes separate allegiance in any meaningful sense, but one alone.

United States v. Wheeler, 435 U.S. 313, 321 (1978) (internal citations omitted). Moreover, "vesting a territorial court with jurisdiction similar to that vested in the District Courts of the United States does not make it a `District Court of the United States.' " Mookini v. United States , 303 U.S. 201, 205 (1938). See also Barnard v. Thorstenn, 489 U.S. 546, 551–52 (1989) (holding that Supreme Court lacked supervisory power over District Court of the Virgin Islands because that court was not an Article III federal district court). Before the

_____

> created by act of Congress, under the power to make rules and regulations respecting the territory belonging to the United States given by Article IV, section 3 of the Constitution, but is not a court
> of the United States created under Article III, section 1.

625 F.2d at 1088–89.

13

1984 amendments, the District Court considered itself a local court, see George, 625 F.2d at 1088, so that, for the purposes of Parrott's trial, the District Court sat as a local court. Federalism concerns, therefore, are not implicated in matters where the District Court, in the past, reviewed questions of local law sitting as a territorial court and exercising its general jurisdiction. See Spink v. General Accident Ins. Co. of Puerto Rico, Ltd., 36 F. Supp. 2d 689, 691 n.6 (D.V.I. 1999).

Until 1994, the District Court and the Territorial Court had concurrent jurisdiction over most criminal actions and thus shared power over these local actions. Now, that jurisdiction lies solely in the Territorial Court. In this sense, the Territorial Court's authority to review certain District Court criminal convictions under local law is akin to that of a successor court's power to review the decisions of its predecessor in jurisdiction. See Excavation Constr., Inc. No. One Contracting Corp. v. Quinn, 673 F.2d 78, 80 (3d Cir. 1982) (recognizing territorial court's successor jurisdiction to municipal court). Cf. Beck v. Beck, 432 A.2d 63, 65 (N.J. Sup. Ct. 1981) (recognizing its successor jurisdiction from former Court of Chancery); Pennsylvania Power & Light Co. v. Pennsylvania Pub. Util. Comm'n, 311 A.2d 151, 154 (Pa. Commw. Ct. 1973) (recognizing its successor jurisdiction from former Superior Court); Schiller v. Flatbush Message Bureau, Inc., 108 N.Y.S.2d 828, 830 (N.Y. Sup. Ct. 1951) (recognizing its successor jurisdiction from courts of colony of New York).

Treating the Territorial Court as a successor court, moreover, is consistent with Congress's objective to eliminate the situation in which the District Court and the Territorial Court share jurisdiction over purely local matters. It also unifies in a single tribunal the review of habeas petitions initiated under territorial law for territorial law convictions. By contrast, the District Court's approach would bifurcate this review so that prisoners sentenced under local law by the District Court would have to submit their local law petitions to that court, while all other territorial prisoners would submit their petitions for review by the Territorial Court.

14

Finally, S 1613's administrative separation of the two courts does not implicitly deprive prisoners like Parrott of their guaranteed right to habeas relief under the Revised Organic Act's S 1561. No federalism concerns are implicated when the two courts share, as products of Congress's authority under Article IV, S 3, the same sovereign as the source of their jurisdiction. For that reason, the restrictions placed on the District Court's original jurisdiction by S 1612 properly limit review of local habeas petitions to the Territorial Court.

III. Conclusion

Consistent with congressional purpose, S 76(a)'s implied repeal of the District Court's jurisdiction for local civil actions merely alters the forum for reviewing a local habeas petition; it does not deprive prisoners like Parrott of their guaranteed access to "the great writ." Consequently, we will reverse the District Court's conclusion that it retains jurisdiction over habeas petitions under S 1303, Title 5 of the V.I. Code, if those petitions are submitted by prisoners over whose convictions the District Court presided as a local court of general jurisdiction. For the reasons stated above, we conclude that the District Court was acting as a "local court" when it sentenced Parrott. For that reason, the Territorial Court is now the proper forum for review of Parrott's local habeas petition. We will remand this matter to the Territorial Court for further proceedings consistent with this opinion.12

_____

12. In remanding, we are in no way commenting on the merits of Parrott's petition or on the circumstances under which the Territorial Court may decline to exercise its Section 1303 jurisdiction over a successive petition for post-conviction relief.

15

SLOVITER, Circuit Judge, Dissenting.

I agree with the majority's conclusion that following the changes to the jurisdiction of the Territorial Court and the District Court of the Virgin Islands, described in detail in Walker v. Government of the Virgin Islands (3d Cir. Oct. 13, 2000), and Callwood v. Enos (3d Cir. Oct. 13, 2000), the Territorial Court has jurisdiction under the Virgin Islands statute, 5 V.I.C. S 1303, to grant a writ of habeas corpus even though S 1303 does not explicitly so state.[1] Unlike the majority, however, I would not remand this matter so that the Territorial Court can rule on Parrott's S 1303 petition.

The Territorial Court has already considered Parrott's petition for a writ of habeas corpus under S 1303 and it denied the petition on July 17, 1998. It did not deny the petition because it believed it had no jurisdiction. Instead, it concluded that "[a] determination by the Territorial Court on the merits of this matter would not serve the ends of justice." Parrott v. Government of the Virgin Islands, Misc. No. 58/98, slip op. at 5 (Terr. Ct. V.I. July 17, 1998). When it denied Parrott's petition without prejudice to his right to refile in the District Court it did not know that we would hold that the District Court had no jurisdiction under S 1303. However, nothing in the Territorial Court's opinion suggests that our holding would have made a difference in its denial of the petition.

The Territorial Court noted that it would create "a jurisdictional quagmire" were it to rule on decisions previously entered by the federal courts and it exercised its discretion to defer to those courts. It noted that the U.S. Attorney's Office for the District of the Virgin Islands, not the Office of the Attorney General of the Virgin Islands, was the prosecutorial body which had presented the case to the District Court; that the Territorial Court is not and should not act as an appellate court for the District Court; that there are unanswered procedural issues with respect to the relationship between the Territorial Court and the Office of the U.S. Attorney; and that the District Court was more

_____

1. The statutory language provides, "[t]he writ of habeas corpus may be granted by the district court, upon petition by or on behalf of any person restrained of his liberty." 5 V.I.C. S 1303 (emphasis added).

16

familiar than the Territorial Court with the procedural posture, record of proceedings, and arguments raised on the first two petitions and appeals. Significantly, the Territorial Court noted that in Saunders v. United States, 373 U.S. 1, 15-16 (1963), the Supreme Court held that a successive habeas petition may be dismissed if the same ground presented in the subsequent petition was determined adversely to the petitioner on the prior petition, the prior determination was on the merits, and the ends of justice would not be served by reconsideration of the claim.

In Parrott's original petition for writ of habeas corpus, filed in the District Court following Parrott's conviction in the District Court of the territorial crimes offirst degree murder and possession of an unlicensed firearm, Parrott asserted ineffective assistance of counsel, violation of his speedy trial right, and failure to give a cautionary instruction.2 The District Court denied the petition on the merits and we affirmed. Parrott's second petition for a writ of habeas corpus pursuant to 28 U.S.C. S 2255 again raised claims of ineffective assistance of counsel, as well as Brady violations and an erroneous instruction, and was transferred to this court for consideration as an application to file a second or successive petition. This court denied that application.

Parrott's S 1303 petition alleges ineffective assistance of counsel (yet again), denial of his Fifth Amendment right to due process and a fair jury trial, and the inapplicability of 14 V.I.C. S 2253, the Virgin Islands statute under which he was convicted of the weapons charge. App. at 11-31. These claims were available to Parrott at the time hefiled his first motion under 28 U.S.C. S 2255. Allowing this duplicative proceeding to continue would be contrary to Congress's policy to eliminate successive habeas petitions.

The Territorial Court so recognized, as it referred to the Saunders holding authorizing dismissal of successive habeas petitions and it dismissed Parrott's petition after expressly concluding that "the ends of justice" are not

_____

2. Although the prior petitions have not been included in the Appendix, we have no reason to doubt the accuracy of the summary by the Government of the Virgin Islands in its brief.

served by reconsideration of the claim. It would be a needless expenditure of judicial time and effort to direct Parrott's third petition for collateral relief back to the Territorial Court on remand. The majority's bland statement that it is not commenting on the merits of Parrott's petition, see Maj. Op. at 15 n.12, does not, in my opinion, justify its decision.

Parrott has not only had ample opportunity to have his request for collateral relief reviewed but he took full advantage of that opportunity. I see no reason to give him a third opportunity now, some 23 years after his conviction, a conviction that was affirmed by this court on direct appeal. Because the Territorial Court's ruling was not a jurisdictional one and it already has set forth its views of Parrott's petition, I think the majority is unnecessarily playing ping pong with this case.

The majority rationalizes its decision that Parrott may now file his third petition for collateral relief in the Territorial Court under S 1303 on the theory that the District Court was acting as a Territorial Court when it was the forum for Parrott's trial on murder and unlawful firearm possession. Not only does that fail to justify the successive petition but it also fails to acknowledge that when the District Court denied Parrott's motion under 28 U.S.C. S 2255 and this court affirmed that denial, we were acting as federal courts. I know of no authority, and the majority cites none, that would give the Territorial Court jurisdiction to review that decision. Therefore, I would affirm the order of the District Court Appellate Division dismissing Parrott's petition, albeit for different reasons than those given by that court.

Moreover, I am concerned that footnote 4 of the majority's opinion unnecessarily introduces into this opinion concerned with jurisdiction under S 1303 references to 28 U.S.C. S 2254, a statutory provision that is irrelevant to the issue in this case. It is, of course, true that in Walker we hold that the District Court of the Virgin Islands now has jurisdiction over challenges brought under S 2254. However, Walker was convicted in Territorial Court, not in District Court as here, and presumably would not have been able to invoke S 2255. The three opinions we issue

18

today need not consider the habeas corpus route to be taken by a defendant who is convicted in the future in the District Court in a case where that court retains concurrent jurisdiction with the Territorial Court. See 48 U.S.C. S 1612(c); S 22 of the Revised Organic Act. I believe that the number of cases in which the local crimes charged are related to federal crimes may be more significant than the majority suggests by its relegation of that concurrent jurisdiction to a footnote. See Maj. Op. at 12 n.10. See also Callwood v. Enos (3d Cir. Oct. 13, 2000). Hopefully, the majority's footnote 4 will not be interpreted to suggest that jurisdiction will be under S 2254 for the territorial crime and S 2255 for the federal crime, further contributing to the "judicial quagmire" referred to by the Territorial Court.

For the reasons set forth, I dissent from the decision of the majority in this case.

A True Copy:
Teste:

        Clerk of the United States Court of Appeals
        for the Third Circuit

19