**RAPHAEL MENDEZ, Appellant/Petitioner**

**v.**

**GOVERNMENT OF THE VIRGIN ISLANDS, Appellee/Respondent**

S.Ct. Civil No. 2009-0084

Supreme Court of the Virgin Islands

January 18, 2012

RAPHAEL MENDEZ, Inmate, Rochester, MN, *Pro se*.

TIFFANY V. MONROSE, ESQ., Assistant Attorney General, St. Thomas, USVI, *Attorney for Appellee*.

HODGE, *Chief Justice*; CABRET, *Associate Justice*; and SWAN, *Associate Justice*.

## OPINION OF THE COURT

(January 18, 2012)

SWAN, *Associate Justice*. Raphael Mendez, appearing *pro se*, appeals the Superior Court's denial of his *pro se* Petition for Writ of Habeas Corpus. Mendez's Petition asks the Superior Court of the Virgin Islands ("Superior Court") to bring him to trial on territorial criminal charges that were filed against him on February 27, 1990, in the District Court of the Virgin Islands but dismissed on September 29, 1992. Although the underlying territorial criminal charges for which Mendez was originally arrested were dismissed almost two decades ago, Mendez remains civilly committed by an Order of the United States District Court for the Eastern

195

District of North Carolina ("District Court of North Carolina"), pursuant to title 18, section 4246 of the United States Code. For the reasons elucidated below, we will affirm the Superior Court and deny Mendez's appeal because the Superior Court lacks subject matter jurisdiction over Mendez's Petition for Writ of Habeas Corpus and over his federal civil commitment.

## I. FACTS AND PROCEDURAL HISTORY

Based on the sparse record before this Court, the events alleged in the criminal Information underlying this civil case occurred as follows: On February 20, 1990, an assault occurred at a housing project on St. Thomas, U.S. Virgin Islands. (App. at 1.) Several eyewitnesses, including the purported victim, Byron Martin, alleged that Raphael Mendez approached Martin while armed with a sawed-off shotgun. (*Id.*) It is further alleged that Mendez told Martin that Martin "had taken away his spirit and he wanted it back." (*Id.*) Ostensibly, Mendez then fired one shot at Martin, which penetrated the upper right side of Martin's right leg. (*Id.*) Thereafter, Mendez allegedly reiterated his request to Martin for the return of Mendez's spirit, while simultaneously pointing his shotgun at Martin a second time; this time the shotgun was aimed at Martin's head. (*Id.* at 1-2.) Mendez argues that he desires to be brought to trial in order to submit evidence that Martin was engaged in "the prohibited practice of spiritualism" and further, to prove that he shot Martin while acting in self-defense. (Br. of Appellant 6.)

On February 27, 1990, the United States Attorney filed a three-count Information in the District Court of the Virgin Islands, which charged Mendez with Count I, Assault in the Third Degree, in violation of title 14, section 297(2) of the Virgin Islands Code; Count II, Possession of a Firearm During the Commission of a Crime of Violence, in violation of title 14, section 2253(a) of the Virgin Islands Code; and Count III, Unlawful Possession of a Sawed-Off Shotgun, in violation of title 14, sections 2253(b) and 2253(d)(2) of the Virgin Islands Code. (App. at 4-5.) Mendez was arraigned the following day. Subsequently, a motion was made requesting a psychological evaluation of Mendez. (*Id.* at 6.)

After reviewing Mendez's Mental Health Summary, the District Court of the Virgin Islands held a competency hearing on July 24, 1990, which resulted in a July 30, 1990 Order memorializing its finding that Mendez was competent to stand trial. (*Id.*) However, on August 2, 1990, the

District Court granted Mendez's Motion for Dismissal of Count III, Unlawful Possession of a Sawed-Off Shotgun in violation of title 14, section 2253(b) and 2253(d)(2) of the Virgin Islands Code. On August 20, 1990, Mendez was committed to the custody of the United States Attorney General for another competency and sanity evaluation, thereby prompting his transfer to the Mental Health Division of the Federal Correctional Institution in Butner, North Carolina ("FCI-Butner").[1] (*Id.*) Additionally, on January 22, 1991 Mendez and the Government of the Virgin Islands stipulated to his return to FCI-Butner. (*Id.* at 7.)

On January 30, 1991, the Information was amended with a new Count III charging Mendez with Possession of a Firearm by a Felon. *Gov't of the V.I. v. Mendez*, Crim. No. 90-43, Civ. No. 92-235, Civ. No. 94-27, Civ. No. 92-80, 1995 WL 458439, at *1 n.1 (D.V.I. 1995). At the January 30, 1991 arraignment on the amended charges, the District Court of the Virgin Islands found that Mendez was not competent to be arraigned, whereupon he was returned to FCI-Butner for examination, hospitalization and treatment. (*Id.*) A psychiatric evaluation of Mendez was filed with the District Court of the Virgin Islands on February 11, 1991. (*Id.*)

On June 4, 1991, J. T. Hadden, Warden of FCI-Butner ("Warden Hadden"), wrote to the District Court of North Carolina which had committed Mendez to the Mental Health Division of the prison following his transfer to FCI-Butner. Hadden stated that Mendez's forensic evaluation revealed that he is:

> not competent to stand trial and is not likely to regain his competence in the foreseeable future due to mental illness. It is our belief that his release to the community at this time would present a substantial risk of danger to others or the property of others; therefore, we are proceeding under Title 18, U.S. Code, Section 4246(a) to stay his release from custody of the Attorney General until a suitable conditional release plan can be arranged.

(*Id.* at 8.) A Certificate of Mental Disease or Defect and Dangerousness of even date, signed by Warden Hadden, provided substantially the same information and requested a hearing to determine whether Mendez should

---

[1] Although Mendez is committed pursuant to the authority of the District Court of North Carolina, the physical site of his civil commitment is currently in Rochester, Minnesota.

continue to be committed at FCI-Butner. Relying on this information, and noting that a federal public defender had been appointed to assist Mendez in opposing the Government's recommendation, the District Court of North Carolina issued an Order filed on July 29, 1991 appointing a doctor to examine Mendez and to review his past medical records. On September 29, 1992, all charges against Mendez in the District Court of the Virgin Islands were dismissed because he was found to be incompetent to stand trial. *Mendez*, 1995 WL 458439, at *1.

Subsequently, Mendez was granted conditional release.[2] However, on November 4, 2002, a revocation hearing was held before the District Court of North Carolina. The federal government recommended that "Mendez's [c]onditional [r]elease be revoked based on the ground [that] his continued release would create a substantial risk of bodily injury to another person or serious damage to property of another." (App. at 13.) At the hearing Mendez challenged the jurisdiction of the District Court of North Carolina to "dismiss territorial . . . charges to impose federal charges[.]" (*Id.* at 12.) The court summarily denied Mendez's oral motion without explanation.

On February 6, 2008, Mendez filed a *pro se* Petition for Writ of Habeas Corpus in the Superior Court. In his Petition, Mendez asked to be returned to the Virgin Islands to testify at a trial on the underlying criminal charges which led to his arrest and, indirectly, to his commitment at FCI-Butner. (Mem. Op. and Order of August 18, 2009 at 1.) Mendez asserts that *Parrott v. Gov't of the V.I.*, 230 F.3d 615, 43 V.I. 277 (3d Cir. 2000) supports his contention that the Superior Court has jurisdiction to grant his Petition. (Mem. Op. and Order of August 18, 2009 at 2.) On August 18, 2009, the Superior Court entered a Memorandum Opinion and Order dismissing the Petition because "the Superior Court of the Virgin Islands has no jurisdiction over Mendez's habeas corpus petition[.]" (*Id.* at 5.) On September 3, 2009, Mendez filed a Notice of Appeal dated August 24, 2009, appealing the Superior Court's dismissal of his Habeas Petition. (Notice of Appeal 1.)

---

[2] The precise date of Mendez's conditional release cannot be ascertained from the limited record submitted on appeal.

## II. ISSUES

In his Notice of Appeal, Mendez states that he "is appealing the August [18], 2009 [O]rder of [the trial court] as abusing the discretion of the court[.]" (Notice of Appeal 1) (emphasis omitted). More specifically, in his Civil Appeal Information Sheet, Mendez makes the following assertions:

a) Raphael Mendez[] is not federal property for federal pretrial detainment[.]

b) Raphael Mendez[] must be returned to the Virgin Islands and tried for his [Virgin Islands] . . . arrest and crimes.

c) Raphael Mendez[] situation must be balanced using [United States constitutional] guarantee's [sic] involving life, liberty and property for both himself and a decease[d] named Brad Schnieder [sic] which is in part related to Raphael Mendez, [sic] defense for due process of [l]aw.

(Civil Appeal Information Sheet at 3) (emphasis omitted). We interpret Mendez's assertions to mean that he believes the Superior Court had jurisdiction to consider the merits of his Petition for Writ of Habeas Corpus; therefore, it erred when it dismissed his Petition on the basis that it lacked jurisdiction.

## III. JURISDICTION AND STANDARD OF REVIEW

This Court has jurisdiction over appeals from all final judgments, final decrees or final orders of the Superior Court. V.I. CODE ANN. tit. 4, § 32(a). The Superior Court's August 18, 2009 Order was a final order within the meaning of title 4, section 32(a). Therefore, we have jurisdiction over Mendez's appeal. A trial court's conclusions of law in dismissing a petition for writ of habeas corpus are subject to plenary review. *Villot v. Varner*, 373 F.3d 327, 331 (3d Cir. 2004). A trial court's findings of fact are reviewed for clear error. *Anderson v. Bessemer City*, 470 U.S. 564, 574, 105 S. Ct. 1504, 84 L. Ed. 2d 518 (1985).

## IV. DISCUSSION

Mendez asks this Court to reverse the August 18, 2009 Order of the Superior Court denying his Petition for Writ of Habeas Corpus, and to direct the Superior Court to forthwith bring him to trial on his 1990 Virgin

Islands criminal charges. (Br. of Appellant 17.) Mendez was originally charged in a February 27, 1990 Information with the alleged events of February 20, 1990. The original Information charged Mendez with Assault in the Third Degree; Possession of a Firearm During the Commission of a Crime of Violence, to wit: Assault in the Third Degree; and Unauthorized Possession of a Sawed-Off Shotgun. Indisputably, the crimes for which he was charged were all local crimes for violations of local law.

Prior to 1984, the adjudication of territorial felony crimes was within the jurisdiction of the District Court of the Virgin Islands. Although a federal court by creation, the District Court served as a local court when conducting trials on territorial crimes and offenses. However, in 1984 the United States Congress amended the Revised Organic Act of 1954 to provide that "[t]he District Court of the Virgin Islands shall have the jurisdiction of a District Court of the United States . . . ." Revised Organic Act of 1954, § 22(a), 48 U.S.C. § 1612, reprinted in V.I. CODE ANN., Historical Documents, Organic Acts, and U.S. Constitution at 152 (1995) (preceding V.I. CODE ANN. tit. 1). Subsequent to the 1984 amendments, section 23 of the Revised Organic Act was amended to provide that

> [t]he relations between the courts established by the Constitution or laws of the United States and the courts established by local law with respect to . . . the issuance of writs of habeas corpus . . . shall be governed by the laws of the United States pertaining to the relations between the courts of the United States, including the Supreme Court of the United States, and the courts of the several States in such matters and proceedings[.]

*Id.* at § 23.

■ ■ Also, substantial amendments were made to 4 V.I.C. § 76. Section 76(a) includes that, "[s]ubject to the original jurisdiction conferred on the District Court by section 22 of the Revised Organic Act of 1954, as amended, *effective October 1, 1991*, the Territorial Court shall have original jurisdiction in all civil actions regardless of the amount in controversy . . . ." 4 V.I.C. § 76(a) (emphasis added). A petition for habeas corpus is normally a civil proceeding. *Parrott*, 230 F.3d at 620. Effective January 1, 1994, section 76 was further amended to provide that, "[s]ubject to the concurrent jurisdiction conferred on the District Court of

200

the Virgin Islands by sections 21 and 22 of the Revised Organic Act . . . the Territorial Court shall have original jurisdiction in all criminal actions."[3] 4 V.I.C. § 76(b)(1). Undeniably, at the time Mendez was charged in the original Information, on February 27, 1990, and in the Amended Information, on January 30, 1991, the District Court of the Virgin Islands had jurisdiction over the crimes with which he was charged. However, in 1994 the District Court was divested of jurisdiction over all territorial criminal matters for which jurisdiction was then vested in the territorial courts. *See* 4 V.I.C. § 76; *see also Parrott*, 230 F.3d at 620. Likewise, as of October 1, 1991, the District Court was divested of jurisdiction over all territorial civil matters, including petitions for habeas corpus. *See* 4 V.I.C. § 76.

On February 6, 2008, Mendez filed his *pro se* Petition for Writ of Habeas Corpus, demanding that the Superior Court provide him with relief from his current federal civil commitment. He seeks to be brought to trial on the charges emanating from the alleged events of February 20, 1990. Importantly, Mendez's alleged actions on February 20, 1990 resulted in criminal charges being filed against him. His alleged actions also caused him to be subjected to several mental health examinations, the ultimate result of which was his four-month federal statutory civil commitment to FCI-Butner on or about January 30, 1991. However, on June 4, 1991, while Mendez was still at FCI-Butner, Warden Hadden initiated civil commitment proceedings against him in the District Court of North Carolina pursuant to title 18, section 4246 of the United States Code. (App. at 8.) On September 29, 1992, the District Court ordered that Mendez remain civilly committed at FCI-Butner. The charges for which Mendez was originally arrested in the Virgin Islands were dismissed by the District Court of the Virgin Islands. Therefore, Mendez cannot be returned to the Virgin Islands and tried for his Virgin Islands crimes because those charges are no longer pending against him in any court of the Virgin Islands.

■ Offering no supporting factual allegations or evidentiary basis, Mendez bases his Habeas Petition on the mistaken belief that he is civilly committed as a form of pretrial detention for his Virgin Islands criminal charges, while simultaneously recognizing that those criminal charges

---

[3] On October 29, 2004, the Territorial Court of the Virgin Islands was renamed the "Superior Court of the Virgin Islands." *See* Act of Oct. 29, 2004, No. 6687 § 1(b), Sess. L. 2004, p. 179.

have been dismissed. (*See* Br. of Appellant 8.) Included in Mendez's Appendix is a cover sheet for a November 4, 2002 revocation hearing and two pages from a hearing transcript. The first page of dialogue opens with a colloquy between a federal public defender and the United States District Court for the Eastern District of North Carolina, where the public defender asserts the following:

> MS. PIERCE: Your Honor, Mr. Mendez intends to — he seeks an opportunity to defend himself and thus, because the state charges are still pending, he doesn't —
>
> . . . .
>
> MS. PIERCE: Mr. Mendez seeks an opportunity to defend himself in state court and thus he will not dispute or he will not admit the revocation conduct at this time. Your Honor, he also has asked if he could address the court briefly.

(App. at 17.) Mendez then addressed the District Court of North Carolina, asking it to explain its authority to dismiss the Virgin Islands criminal charges and impose federal charges in their stead. (*Id.*) The court construed Mendez's question to be a "motion to dismiss on the basis of lack of jurisdiction" and summarily denied his motion. (*Id.* at 18.) The record submitted on appeal does not clearly reflect that the two pages of colloquy are in fact a dialogue that occurred during the November 4, 2002 revocation hearing. Further, if those pages are from the transcript of the 2002 revocation hearing, the record does not disclose why the parties and the District Court of North Carolina were under the mistaken impression that the Virgin Islands criminal charges were still pending against Mendez when those charges had been dismissed in 1992. Moreover, the record does not reflect that the District Court of North Carolina, the Warden at FCI-Butner, nor the Warden of the institution where Mendez is currently committed in Rochester, Minnesota is presently under the mistaken impression that the Virgin Islands criminal charges remain pending against Mendez.

Mendez argues that he "will dispute the findings and argue that [FCI-Butner] still holds [him] for [the 1990 Virgin Islands criminal charges.]" However, he advances neither a cogent argument nor evidence to substantiate his claim that he is being held at FCI-Butner pursuant to any authority other than his civil commitment by the District Court of North Carolina. Mendez states that "many Judgment [sic] was [sic] made

that got [him] at [f]ederal facilities as a pretrial detainee for [the 1990 Virgin Islands criminal charges]." (*Id.* at 9.) He then argues "that the charges never ended because [he] is still confined for the injuries made and still seeks his day in [court] for the finding [of] innocent or guilty beyond any reasonable doubt? [sic]" (*Id.* at 9-10.) Mendez concedes that the District Court of the Virgin Islands dismissed the criminal charges that were filed against him in February 1990; however, he simultaneously maintains that the dismissed charges form the basis of his present detention at FCI-Butner. (*Id.* at 15.) Absent evidence that his federal civil commitment is otherwise based on the Virgin Islands criminal charges, Mendez's contention that he continues to be detained pending trial on those charges is specious and meritless.

Mendez argues that *Parrott* provides legal support for his assertion that the Superior Court has jurisdiction to hear his Habeas Petition. In *Parrot*, the United States Court of Appeals for the Third Circuit ("Third Circuit") determined that, subsequent to the 1984 amendments, section 76(a) of the Virgin Islands Code implicitly repealed the jurisdiction of the District Court of the Virgin Islands over local civil actions. *Parrott*, 230 F.3d at 620. Consequently, the Third Circuit held that the Superior Court has jurisdiction, upon the filing of a ·petition for habeas corpus relief, to review prior criminal decisions rendered by the District Court of the Virgin Islands in the District Court's role as a local territorial court. *Id.* at 621 ("the divesting of the District Court of its jurisdiction for local civil actions also strips it of jurisdiction for local habeas petitions from territorial prisoners . . . even though the District Court sentenced those prisoners."). Likewise, the Supreme Court of the United States has concluded that when there is a state criminal charge pending against an inmate at a federal prison, and the inmate requests a speedy trial, the state has a constitutional duty to bring the inmate to trial. *Smith v. Hooey*, 393 U.S. 374, 383, 89 S. Ct. 575, 21 L. Ed. 2d 607 (1969).

Mendez's argument that the Superior Court has jurisdiction to hear his Habeas Petition has merit only if Mendez is confined at a federal institution by a judgment of the District Court of the Virgin Islands for a violation of local law, or if Mendez were presently confined at a federal institution by the authority of the District Court of the Virgin Islands and territorial charges actually remains pending against him. Neither of these two conditions exists. Presently, there are no territorial charges pending against Mendez. He was never brought to trial on any territorial charges

connected to this case; consequently, he was never sentenced by the District Court of the Virgin Islands.

The Superior Court correctly found that Mendez "is currently detained under the authority of the North Carolina District Court, and not the District Court of the Virgin Islands. Neither the District Court of the Virgin Islands, nor [the Superior Court of the Virgin Islands] has the power to entertain his Petition, since he is not being detained by either Court." (Aug. 18, 2009 Mem. Op. and Order at 3.) It is of no consequence to the jurisdictional issue that the District Court of the Virgin Islands initially ordered that Mendez be detained at FCI-Butner to determine his competency to stand trial for Virgin Islands criminal charges because the District Court's jurisdiction over him for the local criminal charges ceased when those criminal charges were dismissed on September 29, 1992. It is obvious that the statute pursuant to which Mendez remains civilly committed is title 18, section 4246 of the United States Code. Therefore, Mendez's reliance on *Parrott* is misplaced because he is not detained pursuant to any legal authority for which the Superior Court acts as the successor court of the District Court of the Virgin Islands and because he has not filed a habeas petition pursuant to the territorial laws that govern writs of habeas corpus.[4] Consequently, *Parrot* is inapplicable to this case. Moreover, the Superior Court of the Virgin Islands has no duty to hold a trial on the criminal charges that were dismissed by the District Court of the Virgin Islands in 1992.

█ Finally, we recognize that, in his appellate brief, Mendez contends that the Superior Court violated his due process rights when it based its factual findings that it lacked subject matter jurisdiction on documents the Government had submitted on an *ex parte* basis. Importantly, the Superior Court, in an October 28, 2009 Order granting Mendez a certificate of probable cause, itself recognized that it violated Mendez's due process rights by relying on these documents, which included Mendez's criminal case file. Since Mendez not only possessed the burden of establishing subject matter jurisdiction, but was also at an informational disadvantage given the Government's greater access to the case file in his underlying criminal case, we agree that due process required both that the Government serve Mendez with any documents it filed with the Superior

---

[4] The territorial laws governing writs of habeas corpus are contained in title 5, sections 1301 through 1325 of the Virgin Islands Code.

Court and that the Superior Court provide Mendez with the opportunity to respond to the Government's filing. *See Barrett v. Nicholson*, 466 F.3d 1038, 1043-44 (Fed. Cir. 2006) (explaining that, when jurisdiction is challenged in a case in which government agency is a party to an action, government possesses obligation to provide other party with all materials relevant to the contested jurisdictional issues); *Local 336, Am. Fed'n of Musicians v. Bonatz,* 475 F.2d 433, 437 (3d Cir. 1973) (holding that party asserting jurisdiction must be given an opportunity to be heard before dismissal is ordered).

 Nevertheless, the fact that the Superior Court improperly relied on the Government's March 11, 2009 filing does not, in and of itself, provide grounds for reversal. Significantly, the United States Supreme Court has held that undisclosed *ex parte* communications — even if rising to the level of a constitutional error — may be disregarded if only constituting a harmless error. *See Rushen v. Spain*, 464 U.S. 114, 117 n.2, 104 S. Ct. 453, 78 L. Ed. 2d 267 (1983) (establishing harmless error review for ex parte communications); *see also Campbell v. Wainwright*, 738 F.2d 1573, 1576 (11th Cir. 1984) (declining to hold that state judge's ex parte request for government to submit proposed order denying petition for writ of habeas corpus rendered the state habeas proceeding unfair). "In a civil case, an error is harmless if it is highly probable that it did not affect the complaining party's substantial rights." *Betterbox Commc'ns Ltd. v. BB Techs., Inc.*, 300 F.3d 325, 329 (3d Cir. 2002). First, all of the documents from Mendez's criminal case file that the Superior Court relied upon in its decision — such as the District Court's opinion dismissing the criminal charges against him — are those of which the Superior Court was permitted to take judicial notice under both Federal Rule of Evidence 201[5] and the local evidentiary rules that were in effect at the time of its decision.[6] *See Porter v. Ollison*, 620 F.3d 952, 955 n.1 (9th Cir. 2010) (holding that court, when considering petition for writ of

---

[5] "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." FED. R. EVID. 201(b).

[6] At the time Mendez's petition for writ of habeas corpus remained pending in the Superior Court, "the 1953 version of the Uniform Rules of Evidence ('URE'), codified as 5 V.I.C. §§ 771-956, appl[ied] to evidentiary issues in local Virgin Islands Courts." *Blyden v. People*, 53 V.I. 637, 658 (V.I. 2010), aff'd, 437 Fed.Appx 127 (3d Cir. 2011). Pursuant to the URE,

habeas corpus, may take judicial notice of the dockets of proceedings in other courts); *Brown v. Lippard*, 350 Fed. Appx. 879, 882 n.2 (5th Cir. 2009) (same) (collecting cases from First, Second, and Third Circuits). But more importantly, as discussed above, Mendez has himself admitted in his filings that all territorial criminal charges against him have been dismissed by the District Court of the Virgin Islands. Under these circumstances, the Superior Court's error could not have affected Mendez's substantial rights, and thus cannot form the basis for reversing the Superior Court's August 18, 2009 Opinion.

## V. CONCLUSION

The Virgin Islands criminal charges that were pending against Mendez when he was first committed to FCI-Butner were dismissed on September 29, 1992. Consequently, the territorial courts of the Virgin Islands have been without jurisdiction over Mendez since September 29, 1992. Therefore, we affirm the Superior Court's Order dismissing Mendez's *pro se* Petition for Writ of Habeas Corpus for lack of subject matter jurisdiction.

---

(1) Judicial notice shall be taken without request by a party, of the common law, constitutions and public statutes in force in every state, commonwealth, territory and jurisdiction of the United States, and of such specific facts and propositions of generalized knowledge as are so universally known that they cannot reasonably be the subject of dispute.

(2) Judicial notice may be taken without request by a party, of (a) private acts and resolutions of the Congress of the United States and of the Legislature of the Virgin Islands, and duly enacted ordinances and duly published regulations of governmental subdivisions or agencies of the Virgin Islands, and (b) the laws of foreign countries, and (c) such facts as are so generally known or of such common notoriety within the territorial jurisdiction of the court that they cannot reasonably be the subject of dispute, and (d) specific facts and propositions of generalized knowledge which are capable of immediate and accurate determination by resort to easily accessible sources of indisputable accuracy.

5 V.I.C. § 791(1)-(2). Although on March 26, 2010 the Legislature approved, and on April 7, 2010 the Governor signed into law, Act No. 7161, section 15 which repealed the local URE, "this Court applies on appeal the evidentiary rules that were in effect at the time" of the Superior Court proceeding. *Blyden*, 53 V.I. at 658 n.15. However, because, in this instance, the URE and Federal Rule of Evidence 201 establish the same legal standard, this Court would reach the same result regardless of which provision is applied to this appeal.