NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1711
_____

IN RE: RAPHAEL MENDEZ, Petitioner
_____

On Petition for a Writ of Mandamus
_____

Submitted Under Rule 21, Fed. R. App. P.
April 5, 2012
Before: SLOVITER, FISHER AND WEIS, Circuit Judges
(Opinion filed: April 17, 2012)
_____

OPINION
_____

PER CURIAM.

Raphael Mendez has filed a petition for a writ of mandamus appearing to

seek an order directing his release from civil commitment so that he may be tried

on criminal charges that were dismissed decades earlier.

In 1990, Mendez was indicted in the District Court of the Virgin Islands of

assault with a deadly weapon and related offenses. Prior to trial, Mendez requested

a psychological evaluation and was found incompetent to stand trial. He was

1

committed to FMC-Butner in North Carolina for observation. Upon further review, he was indefinitely committed under 18 U.S.C. § 4246 by the United States District Court for the Eastern District of North Carolina and all charges against Mendez in the District Court of the Virgin Islands were dismissed.[1] He appealed the commitment to the Fourth Circuit, which affirmed. United States v. Mendez, 968 F.2d 1212 (4th Cir. 1992).

Since then, Mendez has filed numerous appeals and other actions. Most recently, the Fourth Circuit denied Mendez's petition for writ of mandamus wherein he sought an order directing his release from civil commitment and return to the Virgin Islands. See In re: Mendez, No. 12-1105, 2012 WL 924821(4th Cir. Mar. 20, 2012). Prior to that, the Supreme Court of the Virgin Islands affirmed the denial of the Superior Court of the Virgin Islands dismissal of Mendez's pro se habeas petition for lack of jurisdiction. See Mendez v. Gov't of the Virgin Islands, 2012 WL 220432 (V.I. Jan. 18, 2012). Mendez had asked the Superior Court to relieve him from his current federal civil commitment, and order that he be brought to trial in the Virgin Islands on the dismissed criminal charges.

---

[1] Mendez was later transferred to a facility in Rochester, Minnesota.

Although the petition that Mendez has filed in this Court is less than clear, he again appears to seek an order directing his release from civil commitment. He further asks the Court to reopen the dismissed criminal charges in order to correct "manifest injustice."

A writ of mandamus is a drastic remedy available only in extraordinary cases. See In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). A petitioner seeking mandamus must demonstrate that "(1) no other adequate means exist to attain the relief he desires, (2) the party's right to issuance of the writ is clear and indisputable, and (3) the writ is appropriate under the circumstances." Hollingsworth v. Perry, 130 S.Ct. 705, 710 (2010) (per curiam) (internal quotation marks and citation omitted). Mandamus cannot serve as a substitute for an appeal. See Madden v. Myers, 102 F.3d 74, 77 (3d Cir. 1996).

Here, there is no basis for granting the petition for a writ of mandamus as Mendez has not shown a clear and indisputable right to the writ or that he has no other adequate means to obtain the relief desired. To the extent Mendez is challenging the order of commitment under § 4246, jurisdiction lies in the Eastern District of North Carolina. To the extent that Mendez asks us to "reopen" the criminal charges that were dismissed decades earlier, we lack the authority to do so and, in any event, such relief is not available by way of mandamus.

3

For these reasons, we will deny Mendez's petition for a writ of mandamus. Mendez's "Motion to require the Virgin Islands Supreme Court to release the docket sheet for case No. 2009-0084" is also denied.