CLD-302                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-2665
_____

IN RE:  RAPHAEL MENDEZ,
                                        Petitioner

_____

On a Petition for Writ of Mandamus from the
District Court of the Virgin Islands
(Related to D.V.I. Civ. No. 3:16-cv-00026)
District Court Judge: Curtis V. Gomez

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
June 23, 2016
Before:  FISHER, JORDAN and VANASKIE, Circuit Judges

(Opinion filed: June 29, 2016)
_____

OPINION*
_____

PER CURIAM

Raphael Mendez has filed a petition for a writ of mandamus seeking information

from the District Court of the Virgin Islands about an action he filed in the District Court

related to his allegations of false imprisonment.

In 1990, Mendez was indicted in the District Court of the Virgin Islands for

assault with a deadly weapon and related offenses.  Prior to trial, Mendez requested a

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not

psychological evaluation and was found incompetent to stand trial. He was committed to FMC-Butner in North Carolina for observation. Upon further review, he was indefinitely committed under 18 U.S.C. § 4246 by the United States District Court for the Eastern District of North Carolina and all charges against Mendez in the District Court of the Virgin Islands were dismissed. He appealed the commitment to the Fourth Circuit, which affirmed. United States v. Mendez, 968 F.2d 1212 (4th Cir. 1992).

Since then, Mendez has filed numerous appeals and other actions. In 2012, the Fourth Circuit denied Mendez's petition for writ of mandamus wherein he sought an order directing his release from civil commitment and return to the Virgin Islands. See In re: Mendez, 470 F. App'x 165 (4th Cir. 2012) (per curiam). Prior to that, the Supreme Court of the Virgin Islands affirmed the denial of the Superior Court of the Virgin Islands' dismissal of Mendez's pro se habeas petition for lack of jurisdiction. See Mendez v. Gov't of the V. I., S. Ct. Civ. No. 2009-0084, 2012 WL 220432 (V.I. Jan. 18, 2012). Mendez had asked the Superior Court to relieve him from his current federal civil commitment at the Federal Medical Center in Rochester, Minnesota, and order that he be brought to trial in the Virgin Islands on the dismissed criminal charges. More recently, Mendez unsuccessfully sought mandamus relief from this Court. C.A. No. 12-1711.

Although the instant petition that Mendez filed in this Court is less than clear, he claims court officials in the Virgin Islands will not accept his inmate telephone calls and seeks information about an action he has filed. That action appears to be an effort to

---

constitute binding precedent.

2

obtain information from government officials in order to challenge his commitment at FMC-Rochester.

A writ of mandamus is a drastic remedy available only in extraordinary cases. See In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). A petitioner seeking mandamus must demonstrate that "(1) no other adequate means exist to attain the relief he desires, (2) the party's right to issuance of the writ is clear and indisputable, and (3) the writ is appropriate under the circumstances." Hollingsworth v. Perry, 558 U.S. 183, 190 (2010) (per curiam) (internal quotation marks and citation omitted). Mandamus cannot serve as a substitute for an appeal. See Madden v. Myers, 102 F.3d 74, 77 (3d Cir. 1996).

Here, there is no basis for granting the petition for a writ of mandamus as Mendez has not shown a clear and indisputable right to the writ or that he has no other adequate means to obtain the relief desired. For instance, even if he is having difficulty obtaining information about his case over the phone, he can make a written request for information. We also note that he has asked the District Judge to look into the issue.[1]

For these reasons, we will deny Mendez's petition for a writ of mandamus.

---

[1] The District Court docket also reflects that the District Court recently attempted to correspond with Mendez, although the mail, sent to him at the most recent address he provided (P.O. Box 4000, Rochester, MN, 55903) was refused at its destination and returned to sender. The District Court may wish to resend the mail to a complete address which includes FMC-Rochester and Mendez's Bureau of Prison's register number, or Mendez may need to verify or update his address.