**CALVIN GUMBS II, Appellant/Plaintiff,**

**v.**

**TINA KOOPMANS, KELLY HARRIGAN, and THE UNIVERSITY OF THE VIRGIN ISLANDS, Appellees/Defendants**

S. Ct. Civil No. 2016-0034

Supreme Court of the Virgin Islands

February 22, 2017

CALVIN GUMBS, II, St. Thomas, USVI, *Pro se.*

SAMUEL H. HALL, ESQ., MARIE E. THOMASGRIFFITH, ESQ., Hall & Griffith, P.C., St. Thomas, USVI, *For Appellees.*

HODGE, *Chief Justice*; CABRET, *Associate Justice*; and MOLLOY, *Designated Justice.*[1]

## OPINION OF THE COURT

(February 22, 2017)

HODGE, *Chief Justice*. Calvin Gumbs, II, appeals from the Superior Court's June 9, 2016 opinion and order, which dismissed, with prejudice,

---

[1] Associate Justice Ive Arlington Swan is recused from this case; the Honorable Robert A. Molloy has been designated in his place pursuant to title 4, section 24(a) of the Virgin Islands Code.

his claim against Tina Koopmans, Kelly Harrigan, and the University of the Virgin Islands ("UVI"). Because the Superior Court violated Gumbs's due process rights when it adjudicated the affirmative defense of res judicata *sua sponte*, we reverse.

## I. BACKGROUND

On May 6, 2015, Gumbs filed a small claims complaint with the Superior Court, docketed as Super. Ct. SM. No. 202/2015 (STT), which sought $10,000 in damages against Harrigan and UVI due to an incident that allegedly occurred at the UVI Library on June 4, 2014. The parties entered mediation prior to the trial set for August 19, 2015, and UVI agreed to deposit $50.00 into Gumbs's library user account and to provide him with a written apology by August 31, 2015. Based on this settlement, the Superior Court dismissed Super. Ct. SM. No. 202/2015 (STT) with prejudice.

Gumbs filed a second small claims complaint on November 3, 2015, which was docketed as Super. Ct. SM. No. 522/2015 (STT). In his complaint, Gumbs alleged that UVI's apology had been untimely because it had not been sent to him until September 1, 2015, and sought $10,000 in damages against UVI, Harrigan, and Koopmans, who served as UVI's vice-president. On November 13, 2015, without holding a hearing or awaiting an answer from the defendants, the Superior Court *sua sponte* dismissed that complaint because "[d]ismissal with prejudice means that [Gumbs] is forever barred from re-filing the same action again," (J.A. 33), and because he "has alleged no cognizable claims against Defendants for which relief can be granted." (J.A. 34.)

On May 4, 2016, Gumbs filed a complaint with the Superior Court, docketed as Super. Ct. Civ. No. 233/2016 (STT), which sought $30,000,263.70 in damages against UVI, Harrigan, and Koopmans. Approximately a month later, the Superior Court — without holding a hearing or awaiting any responsive filings from the defendants — *sua sponte* dismissed Gumbs's complaint in its June 9, 2016 opinion and order. Construing Gumbs's complaint as a new action, it held that it "is subject to dismissal on res judicata grounds" because it "is rooted in a controversy that was settled in Case No. ST-15-SM-202 and dismissed in

Case No. ST-15-SM-522."[2] (J.A. 46.) Gumbs filed a timely notice of appeal with this Court on July 6, 2016. V.I.S.CT.R. 5(a)(1).

## II. DISCUSSION

### A. Jurisdiction and Standard of Review

Pursuant to the Revised Organic Act of 1954, this Court has appellate jurisdiction over "all appeals from the decisions of the courts of the Virgin Islands established by local law[.]" 48 U.S.C. § 1613a(d); *see also* V.I. CODE ANN. tit. 4, § 32(a) (granting this Court jurisdiction over "all appeals arising from final judgments, final decrees or final orders of the Superior Court"). Because the Superior Court's June 9, 2016 order dismissing Gumbs's complaint is a final order within the meaning of section 32, we have jurisdiction over this appeal. *Joseph v. Daily News Publ'g Co.*, 57 V.I. 566, 578 (V.I. 2012).

This Court exercises plenary review of the Superior Court's application of law, while its factual findings are reviewed only for clear error. *Allen v. HOVENSA, L.L.C.*, 59 V.I. 430, 436 (V.I. 2013) (citing *St. Thomas-St. John Bd. of Elections v. Daniel*, 49 V.I. 322, 329 (V.I. 2007)).

### B. *Sua Sponte* Dismissal

In his *pro se* brief, Gumbs maintains that the Superior Court violated his "right to due process under the U.S. Constitution" and engaged "in a rush to judgment" when it dismissed his complaint *sua sponte* without awaiting a responsive pleading from the defendants or holding a hearing. (Appellant's Br. 10, 12.) We agree.

██ ██ It is well established that, "where the Superior Court must resolve factual issues in ruling on a motion, 'the Superior Court is [required] to hold an evidentiary hearing.' " *People v. Armstrong*, 64 V.I. 528, 536 (V.I. 2016) (quoting *3RC & Co. v. Boynes Trucking Sys.*, 63 V.I. 544, 558 (V.I. 2015)). However, "the Superior Court need not conduct an

---

[2] Although it treated Gumbs's complaint as a new civil action, the Superior Court recognized the possibility that Gumbs may have been attempting to appeal the magistrate judge's November 13, 2015 order. However, the Superior Court determined that Gumbs's action should be dismissed even if construed as an appeal since Superior Court Rule 322.1(b)(2)(A) provides that such an appeal be taken within ten days. (J.A. 47.) Because we agree with the Superior Court that Gumbs intended to initiate a new action rather than to bring an appeal, we decline to consider this alternate ground for dismissal as part of this appeal.

evidentiary hearing 'if the parties' filings reveal absolutely no factual disputes.'" *Id.* at 537 (quoting *3RC & Co.*, 63 V.I. at 558). Here, the Superior Court presumably concluded that an evidentiary hearing was not necessary because it believed that Gumbs's complaint was barred as a matter of law by res judicata. However, in this case the Superior Court did not merely choose not to hold a hearing, but dismissed Gumbs's complaint without the benefit of any responsive pleading from the defendants — in fact, none of the defendants had entered an appearance, and the time for Gumbs to serve his complaint had not even expired.

■ This Court has repeatedly held that affirmative defenses may be waived if not timely asserted by the defendant. *See Coastal Air Transport v. Royer*, 64 V.I. 645, 657-58 (V.I. 2016); *Pedro v. Ranger Am. of V.I., Inc.*, 63 V.I. 511, 518, 519-20 (V.I. 2015); *Ottley v. Estate of Bell*, 61 V.I. 480, 492 (V.I. 2014). We agree with the numerous courts that have held that "res judicata [is] an affirmative defense [that is] ordinarily lost if not timely raised." *Arizona v. California*, 530 U.S. 392, 410, 120 S. Ct. 2304, 147 L. Ed. 2d 374 (2000); *Neff v. Flagstar Bank, FSB*, 520 Fed. Appx. 323, 327-28 (6th Cir. 2013) (holding that the trial court erred by raising the defense of res judicata *sua sponte* without identifying "special circumstances" to justify doing so); *Norfolk Southern Corp. v. Chevron, U.S.A., Inc.*, 371 F.3d 1285, 1289 (11th Cir. 2004) ("[R]es judicata is an affirmative defense which must be pled, and may be waived, by the defendant." (citing *Louisville & Nashville R.R. Co. v. M/V Bayou Lacombe*, 597 F.2d 469, 471 n.1 (5th Cir. 1979))); *Davignon v. Clemmey*, 322 F.3d 1, 14 (1st Cir. 2003) ("[N]ormally res judicta is deemed waived unless raised in the answer." (citing FED. R. CIV. P. 8(c))); *Jim's Steak House, Inc. v. City of Cleveland*, 81 Ohio St. 3d 18, 1998 Ohio 440, 688 N.E.2d 506, 508 (Ohio 1998). However, the Superior Court erred by *sua sponte* dismissing the complaint on res judicata grounds without providing Gumbs with an opportunity to present evidence and arguments against dismissal. *See In re Reynolds*, 60 V.I. 330, 336 (V.I. 2013) (failure to provide a petitioner with an opportunity to amend her petition to change her name before *sua sponte* denying that petition deprived the petitioner of her right to be heard); *Brunn v. Dowdye*, 59 V.I. 899, 905 (V.I. 2013); *Mendez v. Gov't of the V.I.*, 56 V.I. 194, 204-05 (V.I. 2012) (the Superior Court's consideration of the Government's ex parte submission pertaining to the court's subject matter jurisdiction, without granting the defendant with an opportunity to respond to that submission, violated the defendant's

due process rights). Consequently, we reverse the June 9, 2016 opinion and order and remand the case to the Superior Court so that it may proceed in accordance with the ordinary rules of civil procedure and general conceptions of fairness.[3]

## III. CONCLUSION

The Superior Court acted contrary to this Court's precedents when it *sua sponte* adjudicated a res judicata defense that had never been presented by the defendants without providing Gumbs with notice or an opportunity to be heard on that issue. Accordingly, we reverse the June 9, 2016 opinion and order.

---

[3] Because we agree with Gumbs that the Superior Court erred when it *sua sponte* dismissed his complaint on res judicata grounds without providing him with a right to be heard, we decline to address any of the other issues that Gumbs asserted in his appellate brief.