NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-3309
_____

RAPHAEL MENDEZ,

Appellant

v.

STACEY PLASKETT, Congresswoman;
CLETIS CLENDINEN;
VIRGIN ISLANDS LEGISLATIVE DIRECTOR
_____

On Appeal from the District Court of the
Virgin Islands
(D.C. No. 3-16-cv-0026)
District Judge:  Hon. Curtis V. Gomez
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
April 8, 2019

Before:   SMITH, *Chief Judge*, JORDAN and RENDELL, *Circuit Judges*.

(Filed: April 10, 2019)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

JORDAN, *Circuit Judge*.

Raphael Mendez appeals the order of the District Court dismissing his petition for a writ of mandamus. We will affirm.

## I.    Background

Mendez has for many years been involuntarily committed to the Federal Medical Center in Rochester, Minnesota ("FMC Rochester").[1] In 2015, he wrote to the Honorable Stacey Plaskett, the Delegate of the United States Virgin Islands to the United States House of Representatives, requesting that her office investigate his confinement at FMC Rochester and provide him with the resulting findings. A member of Plaskett's district office staff responded, but not to Mendez's satisfaction. So Mendez sought a writ of mandamus, pursuant to 28 U.S.C. § 1361, to compel Representative Plaskett, her Legislative Director, and the district staff member who had responded to the investigation request "to provide him with information regarding their investigation of his claim of false imprisonment[.]" (D.I. 19 at 2.)

The District Court dismissed his petition for lack of subject-matter jurisdiction, and Mendez has appealed. The appeal is only with respect to the dismissal of his petition for mandamus as directed at the staff member.[2]

---

[1] A description of the events leading to Mendez's commitment is not relevant to this appeal but can be found in an earlier non-precedential opinion, *In re Mendez*, 653 F. App'x 158, 158-59 (3d Cir. 2016) (per curium).

[2] Mendez says that he "is NOT challenging his Congresswoman NOR her Legislative Director, in this U.S. 3rd Circuit Court of Appeal … [a]s they ARE already Docketed in U.S. Washington DC appellate Court and OPENING BRIEF [sic] already begun and ended[.]" (Opening Br. at 3.) The reference to "DC appellate Court" is

## II.    Discussion[3]

Section 1361 states that, "district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. That the individual be such an officer or employee is a requirement for a court to have subject matter jurisdiction. *Semper v. Gomez*, 747 F.3d 229, 250-51 (3d Cir. 2014). Moreover, we have concluded, in determining whether an individual qualifies as "an officer or employee of the United States or any agency thereof," 28 U.S.C. § 1361, that "Congress, in enacting § 1361 … 'was thinking solely in terms of the executive branch,'" *Semper*, 747 F.3d at 250 (quoting *Liberation News Serv. v. Eastland*, 426 F.2d 1379, 1384 (2d Cir. 1970)). Because Representative Plaskett's staff member works for the legislative branch and not the executive branch, the District Court properly determined it was without subject matter jurisdiction.[4]

---

apparently to a then-pending appeal before the United States Court of Appeals for the District of Columbia Circuit, which also denied a petition he filed for a writ of mandamus. *Mendez v. Trump*, 744 F. App'x 706 (D.C. Cir. 2018) (per curium).

[3] The District Court concluded 28 U.S.C. § 1361 did not give it subject matter jurisdiction. We have jurisdiction to review that determination pursuant to 28 U.S.C. § 1291.

[4] Even were there jurisdiction, Mendez has failed to make the requisite showing of a "clear and indisputable" right to issuance of the writ. *Hollingsworth v. Perry*, 558 U.S. 183, 190 (2010) (per curium) (citation omitted). There is no right to compel a legislative branch staff member to investigate a constituent's claims or share investigative findings.

3

**III.    Conclusion**

The District Court properly dismissed the petition for a writ of mandamus, and we will therefore affirm.